ABEL CONSTRUCTION COMPANY, APPELLANT, V. WILLIAM K. GOODMAN, APPELLEE.

FILED FEBRUARY 23, 1921. No. 21816.

1. **Master and Servant: WORKMEN'S COMPENSATION: AWARD.** An employer appealed from an award of the compensation commissioner, who had allowed its employee 100 weeks' compensation for the loss of the sight of an eye, notwithstanding compensation for 25 weeks had previously been paid by the employer. On appeal the district court deducted the 25 week's compensation, formerly paid, and rendered a judgment against the employer for the remaining 75 weeks' compensation, as provided by the act, and for statutory "waiting time" from the date of the award by the commissioner. *Held,* that the court did not err. Rev. St. 1913, sec. 3666, as amended, Laws 1917, ch. 85, sec. 9½.

2. ———: ———: **APPEAL: "WAITING TIME."** When an employer appeals from a judgment of the district court in favor of his employee and it is affirmed in this court, such employer is liable for the statutory "waiting time," from the date of such judgment, for the full period of time allowed by the employers' liability act, until it is paid under the mandate issued by this court, when the appeal taken to this court is not based on such a reasonable controversy as would justify an appeal.

3. ———: ———: **IGNORANCE OF LAW.** Ignorance of the law is not a shield from liability for its infraction.

4. ———: ———: **ATTORNEY'S FEES.** In an action under the employers' liability act, even though a recovery is had, an attorney's fee cannot be taxed as a part of the costs under section 3212, Rev. St. 1913, as amended, Laws 1919, ch. 103, sec. 2, which applies only to an action at law on an insurance policy against an insurance company.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*Hall, Baird & Williams,* for appellant.

*R. J. Greene, contra.*

DEAN, J.

While employed by the Abel Construction Company, and earning $24 a week, William K. Goodman, defendant, sustained an injury, November 6, 1918, that caused him to lose the sight of his left eye while he was cleaning cement sacks. Thereupon plaintiff paid him $12 a week for 25 weeks, as compensation, and $50 for medical treatment. Thereafter plaintiff refused to make further weekly payments, but offered to pay $350 or $400, presumably in full settlement, which defendant refused. On June 25, 1919, the employer filed a petition in the compensation commissioner's office asking that officer to order a discontinuance of further payments. The commissioner denied the application and made an award to defendant of $12 a week for 100 weeks as compensation on account of the injury. The award was in addition to the $300, or $12 a week for 25 weeks, that plaintiff formerly paid the defendant in this behalf. The award, however, excepted $32 from the total amount to be paid; the commissioner holding that this sum was paid by plaintiff "after temporary disability ended." From the award plaintiff appealed to the district court.

On appeal the court held that defendant was entitled to compensation for 100 weeks only, and that, compensation for 25 weeks having already been paid, there remained only 75 weeks for which payment could lawfully be demanded at $12 a week. The payments being then delinquent, judgment was rendered against the plaintiff for $900 and interest, or a total of $912. The court also held that defendant was entitled to recover $414 for statutory waiting time, making a sum total of $1,326 and costs, for which, on October 23, 1920, judgment was rendered. In addition thereto the court taxed an attorney's fee of $200 as costs. Plaintiff contends that the court erred in permitting defendant to recover either for an

attorney's fee or for statutory "waiting time." From the judgment plaintiff appealed to this court.

The record shows clearly enough that the sight of defendant's left eye was destroyed while he was in the employ of plaintiff and that the accident arose out of and in the course of his employment.

The circumstances attending the casualty bring it within section 3662, Rev. St. 1913, as amended by Laws 1917, ch. 85, sec. 7, which classifies certain injuries and establishes a schedule of compensation. The act as amended is separated into three parts. Subdivision 3 provides, inter alia: "For all disability resulting from permanent injury of the following classes," i. e., for the loss of a hand, arm, foot, leg, or eye, "the compensation shall be exclusively as follows: * * * For the loss of an eye, sixty-six and two-thirds per centum of daily wages during 100 weeks," but "shall not be more than twelve dollars per week, nor less than six dollars per week: Provided, that if at the time of injury the employee receives wages of less than six dollars per week, then he shall receive the full amount of such wages per week as compensation." Subdivision 3 also provides: "Permanent loss of the use of a hand, arm, foot, leg, or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg, or eye."

The legislature having provided that "for all disability resulting" from the loss of an eye "the compensation shall be exclusively" as provided in subdivision 3 of the act, defendant comes clearly within its meaning. It follows that defendant, earning a weekly wage of $24, was, under the act, entitled to $12 a week as compensation for 100 weeks, namely, $1,200. In making the reduction of $300 from the commissioner's award the district court applied the plain and unambiguous language of the law to the facts. Hull v. United States Fidelity & Guaranty Co., 102 Neb. 246.

Plaintiff contends that, because the commissioner rendered an excessive award of compensation in the sum

of $300, it should not be bound to pay the statutory wait-ing time penalty, and argues, but erroneously, that it comes within the rule announced in *Updike Grain Co. v. Swanson,* 104 Neb. 661. It was there held that to excuse the employer from such liability there must be a reason-able controversy between the parties as to liability for certain instalments of compensation. In the present case reasonable grounds do not appear for controversy respecting the duty of the employer to pay the remaining 75 instalments. It is clear that the award of the com-missioner was excessive as to 25 weekly instalments of $12 each. It is equally clear that the employee had been blinded in one eye, and that he was then entitled, under the facts and the law, to 75 additional weekly instalments of compensation in the sum of $12 each. And it just as clearly appears that it was plaintiff's duty to have con-tinued making the payments required by law until the end of the 100-week period instead of applying to the commissioner for an order to have the payments discon-tinued. But, having sought to have the commissioner's award reviewed, the appeal at most should have been directed to seeking a reduction of the award to a pay-ment of compensation for 75 weeks. To say that the employer ignored or that it misconstrued the clear provi-sions of the law is no answer to the employee's demand for payment for "waiting time," under the act, which he cites and sets out in his brief, and which plainly provides that "fifty *per centum* shall be added for waiting time for all delinquent payments after 30 days' notice has been given" of disability. Rev. St. 1913, sec. 3666, as amend-ed, Laws 1917, ch. 85, sec. 9½.

The employer, in extenuation, points out that, within two weeks after completing the $300 payment to its em-ployee, it, as plaintiff, began this proceeding June 25, 1919, before the compensation commissioner to have fur-ther payments discontinued, and that through no fault of plaintiff the matter was not heard and disposed of until September 9, 1920, more than 14 months after the

commencement of the proceedings, and that in the exercise of its statutory right it appealed to the district court. Even so, it does not follow that the employee, who did not cause the delay, should be denied a lawful right merely because the employer failed in the performance of a plain legal duty. Ignorance of the law is not a shield from liability for its infraction.

We think the court erred in the taxation of an attorney's fee as costs, notwithstanding the Ocean Accident & Guarantee Corporation, Limited, the insurer of the employer, by some means that it is not necessary to discuss here, seems to have become a party plaintiff after the case reached the district court. In support of his argument on this point defendant invokes section 3212, Rev. St. 1913, as amended, Laws 1919, ch. 103, sec. 2. For the purpose of this discussion the amendment is not material. The act as amended reads: "In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of life, accident, liability, sickness, guaranty, fidelity or other insurance of a similar nature, or upon any certificate issued by a fraternal beneficiary association, against any company, person or association, doing business in this state, the court upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery, to be taxed as part of the costs, and if such cause is appealed the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings."

It is sufficient answer to say that the present case is not "an action at law upon any policy of life, accident, liability, * * * or other insurance." It follows that section 3212 has no application to a cause brought under the employers' liability act. The statute under which this action is brought provides a special proceeding for the purpose of effecting a speedy settlement between an employer and his employee when they come within its

provisions. *United States Fidelity & Guaranty Company v. Wickline,* 103 Neb. 21, 6 A. L. R. 1267; *Hull v. United States Fidelity & Guaranty Co.,* 102 Neb. 246.

There is some question, as plaintiff points out, with respect to the regularity of defendant's cross-appeal, but we have treated it as though it had been regularly made, and conclude that he is not entitled to recover thereon.

With respect to the taxation of an attorney's fee as costs the judgment is reversed. In all else the judgment is affirmed, except that as to the statutory waiting time penalty it is ordered that the district court modify its judgment so that the total amount of defendant's recovery for waiting time shall be the sum of $6 a week for 75 weeks.

AFFIRMED IN PART, AND REVERSED IN PART AND REMANDED, WITH DIRECTIONS.

ROSE, J., not sitting.