ARCHIE STEWARD, APPELLANT, V. DEUEL COUNTY, APPELLEE.

289 N. W. 877

FILED FEBRUARY 2, 1940.  No. 30837.

*W. I. Tillinghast,* for appellant.

*Dallas A. Clouse* and *Harry R. Ankeny, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This is a compensation case, originally tried to one judge of the compensation court, later to the compensation court sitting *en banc* on rehearing.

Archie Steward, the appellant, was awarded compensation at the rate of $10 a week for 300 weeks from September·20, 1933, less $2,124, paid by Deuel county, and in addition thereto the sum of $6.75 a week for the remainder of his life, on account of total permanent disability. From this award Deuel county appealed to the district court, where on September 5, 1939, the court entered judgment, finding that Archie Steward was an employee of Deuel county and entitled to compensation from the county, under the provisions of the workmen's compensation act, at the rate of $10 a week for 300 weeks, less $2,124 which had been paid by the county and less any sums paid since May 16, 1939. Archie Steward cross-appealed to the district court, alleg-

ing that the court erred in not awarding a penalty of 50 per cent. for waiting time at the rate of $5 a week for 293 weeks, in the amount of $1,465, and in not awarding needed and necessary medical attention and hospitalization, and in attaching costs to appellant. The district court declined to award penalty money as prayed for. From the judgment of the district court Archie Steward appeals, and Deuel county is cross-appellant.

The first question for determination is whether or not Archie Steward, at the time of receiving his injuries, was an employee of Deuel county, Nebraska. Deuel county is divided into three commissioner districts. By agreement, each commissioner is responsible for the upkeep and improvement of the roads and highways in his district. In this instance, two of the commissioners orally agreed with the mayor of Big Springs, Nebraska, that, in the event the village would employ and pay a foreman, the county would pay for the labor incident to some work to be done with reference to a highway. Dick Brown was recommended as foreman by the commissioner of the district which includes Big Springs. The foreman was to have charge of, direct and oversee, and employ such help as he might require. The work consisted of removing dirt which apparently was within the incorporated limits of Big Springs, to haul the dirt northeast of the village to fill in a low grade, to raise the grade on a highway running south out of the village and maintained by the county up to the village, and to fill in the highway out to the end of a bridge which crossed the South Platte river.

Archie Steward met Dick Brown on the street; Brown told him of the job and employed him at the rate of $2.50 a day for six days a week. While there is evidence that the needy were to be employed, in so far as Steward was concerned he was not employed for such reason. Steward was to shovel dirt into a wagon. He started work on September 19, 1933, and in the evening of the second day, while standing between the dirt bank and a wagon he was helping to load, he suffered an injury as the result of a cave-in which

buried him. He was subsequently removed to a doctor's office. Steward testified that at the time the county commissioner representing the district, in the absence of the foreman, directed the men to clean out the dirt. This evidence is in conflict, but the fact that the commissioner, who lived in close proximity, watched the progress of the work is not denied. It is noted by the record that the right to discharge workmen was not granted to or exercised by the foreman. He accepted suggestions from the commissioner as to who should be employed, where the parties were required to furnish teams. The rate of pay was evidently fixed by the county, and the workmen were paid from county funds, notably from the bridge and road-dragging fund. The record is void of any official action taken by the board of trustees of the village or by the county commissioners with reference to the oral agreement, and no contractual relation between the village and the county existed sufficient to create liability of one to the other, to compel enforcement of the agreement.

Subsequent to the injuries received by Steward, he entered into an agreement with Deuel county, under which he was paid the sum of $2,124 for hospitalization and medicine. This agreement was never approved, as provided by law, is unenforceable and void. However, it is evidence which gives a strong inference that the county stood in the relation of an employer to Steward. The following sections of the workmen's compensation law govern:

Section 48-114, Comp. St. 1929, in describing an employer, includes the state and every governmental agency created by it. Section 48-115, Comp. St. 1929, as amended (Laws 1933, ch. 90), using the terms "employee" and "workman" interchangeably, includes "every person in the service of the state or of any governmental agency created by it, under any appointment or contract of hire, express or implied, oral or written." Section 48-116, Comp. St. 1929, in construing the word "employer," provides: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to

execute work without being responsible to the workmen for the provisions of this article, shall be included in the term 'employer' * * * and be subject to all the provisions of this article."

The court was not in error in finding that Steward was an employee of Deuel county.

The second question for our determination is whether or not the appellant received injuries that totally and permanently disabled him; whether solely because of such injuries he is unable to perform and obtain any substantial amount of labor, either in his particular line of work, or any other for which he would be fitted except for the injury, within the meaning of the workmen's compensation law. *Wingate v. Evans Model Laundry*, 123 Neb. 844, 244 N. W. 635; *Flesch v. Phillips Petroleum Co.*, 124 Neb. 1, 244 N. W. 925.

A careful reading of the medical testimony discloses the following: Dr. C. H. Smith, a resident of Big Springs since 1907, practicing medicine in that community since 1916, had been acquainted with Archie Steward since 1907. On September 20, 1933, he treated Steward professionally at his office at 6 o'clock in the evening. Steward at that time had a broken pelvis, was bruised and crushed otherwise. He was taken to the Redfield and Dent Hospital at North Platte. After returning from the hospital Steward was given electric treatments, physiotherapy, by Doctor Smith, "to get that joint so he could move it." Steward at that time was physically able to do only very light work. He required medicines which were furnished to relieve pain and, from a knowledge of Steward's condition, the doctor testified that he would not be able to do normal physical labor again; that Steward developed neuritis as the result of the accident.

Steward testified that he had worked in a café in Colorado for a month or two; that he drove a car; further, that since the time of his injury he was not able to do work that he had ordinarily done; that his work consisted mostly of farming and manual labor, and that his health previous to

the accident was good; also that he was not educated to do light work; that he was, at this time, able to walk and get around.

The foregoing evidence is substantially all the competent evidence with reference to the disability suffered by Steward. The trial court made a finding that such evidence was wholly insufficient to sustain the finding of the compensation court, to the effect that the appellant suffered total and permanent disability from such injuries; further, that such evidence does not show Steward to have suffered total disability for a period of 300 weeks, but fails to show what portion of 300 weeks such disability was only partial, and that he now suffers only partial disability, if any, from such injuries. The court then proceeded to fix the disability as provided for by subdivision 2, sec. 48-121, Comp. St. 1929, finding that the appellant's wages were at the rate of $15 a week, and that 66 2/3 *per centum* thereof should be paid him, or the amount of $10 a week for 300 weeks; determined that even though the agreement made by the appellant and Deuel county was nonenforceable and void Deuel county had paid the sum of $2,124, which should be deducted from the amount found due on the basis hereinbefore stated, and the balance to be paid in a lump sum.

The evidence is insufficient to disclose to this court the degree of disability suffered by Steward by virtue of his injuries, or enable the court to intelligently determine the amount of compensation due him. We have determined that any amount paid by the county, as stated in the judgment of the trial court, should be deducted from any compensation which should be finally awarded Steward.

Section 48-167, Comp. St. Supp. 1937, provides, in substance, that the Nebraska workmen's compensation court may make rules to carry out the intent and purpose of the act and laws amendatory thereof, with the exception of such as are committed to the courts of appellate jurisdiction. The act provides that the compensation court, or any judge thereof, or any appellate court may, upon the motion of either party, or on its own motion, require the produc-

tion of medical reports, X-rays, or, in fact, all matter that may be necessary in the determination of the rights of either party in any matter pending before any appellate court.

The penalty award which Steward seeks in his cross-appeal, as provided for in section 48-125, Comp. St. Supp. 1935, is not allowable. A reasonable controversy exists between Duel county and Steward as to the county's liability under the workmen's compensation act. Under such circumstances, the county is not liable for penalty for waiting time during the time the cause is pending in the courts for final determination. *Claus v. DeVere,* 120 Neb. 812, 235 N. W. 450; *Wilson v. Brown-McDonald Co.,* 134 Neb. 211, 278 N. W. 254.

The cause is remanded to the district court in order that evidence may be obtained, showing the extent of disability, if any, suffered by the appellant by virtue of the injuries received in the course of his employment.

AFFIRMED IN PART AND REMANDED FOR<br>FURTHER PROCEEDINGS.