ELIZABETH LEITZ, ADMINISTRATOR OF THE ESTATE OF KENNETH E. LEITZ, DECEASED, ET AL., APPELLANTS, V. ROBERTS DAIRY AND UNDERWRITERS ADJUSTMENT COMPANY, APPELLEES.

479 N.W.2d 464

Filed January 31, 1992.   No. 91-605.

John Kocourek, of Peterson and Kocourek Law Offices, and David R. Stickman for appellants.

Melvin C. Hansen and Matthew J. Buckley, of Hansen, Engles & Locher, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiffs, Elizabeth Leitz and her dependent children, have appealed from the order of the Workers' Compensation Court finding that they were entitled to $1,927.05 as a penalty for the delay in payment of an award to them and entitled to an attorney fee of $500 plus interest as provided by law.

Elizabeth Leitz is the widow and administrator of the estate of Kenneth E. Leitz, who died as a result of a heart attack arising out of and in the course of his employment on April 20, 1988.

In *Leitz v. Roberts Dairy*, 237 Neb. 235, 465 N.W.2d 601 (1991), this court affirmed an award of workers' compensation

benefits to the plaintiffs. The opinion affirming the award was filed in this court on February 15, 1991. The mandate was issued on February 25, 1991. Apparently, the mandate was "entered" in the compensation court also on February 25, 1991. The controversy is when the 30-day waiting-time period commenced to run.

On March 22, 1991, the plaintiffs filed an application in the compensation court alleging that a 50-percent penalty should be added to all amounts due under the award. On May 20, 1991, the compensation court found that the 30-day period commenced to run at the time the mandate of this court was filed in the compensation court and that the payments made between March 29 and April 1, 1991, were delinquent. The plaintiffs have appealed from that order.

Where a reasonable controversy exists between an employer and an employee as to the payment of workers' compensation, the employer is not liable for the penalty provided in Neb. Rev. Stat. § 48-125 (Reissue 1988) during the time the case is pending in the courts for final determination. See, *Steward v. Deuel County*, 137 Neb. 516, 289 N.W. 877 (1940); *Abel Construction Co. v. Goodman*, 105 Neb. 700, 181 N.W. 713 (1921). Because a reasonable controversy existed between the plaintiffs and the defendants in this case, the plaintiffs were not entitled to a penalty payment during the pendency of the appeal to this court.

Whether a reasonable controversy exists is a question of fact. *Harpham v. General Cas. Co.*, 232 Neb. 568, 441 N.W.2d 600 (1989). Findings of fact made by the compensation court after rehearing have the same force and effect as a jury verdict in a civil case, and such determinations by the compensation court will not be set aside on appeal unless they are clearly erroneous. See *Tarvin v. Mutual of Omaha Ins. Co.*, 238 Neb. 851, 472 N.W.2d 727 (1991).

A reasonable controversy exists between an employer and an employee

if the properly adduced evidence would support reasonable but opposite conclusions by the Nebraska Workers' Compensation Court concerning an aspect of an employee's claim for workers' compensation, which

conclusions affect allowance or rejection of an employee's claim, in whole or part. To avoid the payments assessable under § 48-125, an employer need not prevail in opposition to an employee's claim for compensation, but must have an actual basis, in law or fact, for disputing the employee's claim and refraining from payment of compensation.

*Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 784-85, 408 N.W.2d 280, 288 (1987).

In the present case, the compensation court was correct in finding there was a reasonable controversy between the parties. The defendants disputed the claim and refrained from payment of compensation in the original case because of questions regarding causation of Leitz' heart attack. The evidence in this case supported reasonable but opposite conclusions as to whether Leitz' heart attack was caused by his employment or by his general health.

The plaintiffs argue that no reasonable controversy existed between the parties after the opinion of this court was filed on February 15, 1991. The opinion is not a final determination of the matter until a mandate has been issued by the court.

A mandate from this court is required to reinvest the compensation court with jurisdiction. Under Neb. Rev. Stat. § 48-188 (Reissue 1988) an award of the compensation court cannot be enforced until it has become "conclusive upon the parties at interest." The award in this case was not final and the penalty did not commence until 30 days after the mandate of this court had been filed in the compensation court.

The defendants suggest that § 48-125 does not apply to final adjudicated awards. We believe it does. See *McCrary v. Wolff*, 109 Neb. 796, 803, 192 N.W. 237, 240 (1923), where this court stated, "This provision for penalty was placed in the statute evidently with the object . . . to induce prompt payments after the award has been finally established . . . ."

This issue was recently addressed in *Amorosa v. Jersey City Welding & Mach. Works*, 214 N.J. Super. 130, 518 A.2d 529 (1986). That court found that the New Jersey statute authorizing imposition of a penalty for unreasonable or negligent delay of payment in compensation cases applies not

only to interim payments of compensation, but also to fully litigated cases.

In reaching its conclusion, the court stated:

> Because of the delay which results when a case is contested, the disabled worker's need for the prompt payment of temporary disability benefits is especially urgent after a final adjudicated award. In such instances, the employee has had to do without a weekly stipend for a longer period than when an employer does not contest the worker's right to such benefits after notice is given pursuant to *N.J.S.A.* 34:15-17. It is therefore imperative, in contested cases, to discourage additional and unnecessary delay in the payment of temporary disability benefits, and we hold that *N.J.S.A.* 34:15-28.1 should be applied to that end.

214 N.J. Super. at 137, 518 A.2d at 533.

The order of the compensation court is affirmed.

AFFIRMED.