STEVEN D. GASTON, APPELLEE, V.
APPLETON ELECTRIC COMPANY, APPELLANT.
573 N.W. 2d 131

Filed January 30, 1998.    No. S-97-338.

Jon S. Reid, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Michael J. Lehan, of Kelley, Lehan & Hall, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

We recently held in *Roth v. Sarpy Cty. Highway Dept., ante* p. 703, 572 N.W.2d 786 (1998), that, in the absence of the filing of an application for review, the 30-day period for payment of workers' compensation benefits, pursuant to Neb. Rev. Stat. § 48-125 (Reissue 1993), commences on the date that an award is entered by a single judge of the Nebraska Workers' Compensation Court.

In the instant case, a three-judge review panel of the Workers' Compensation Court summarily affirmed a compensation award entered by a single judge of the compensation court in favor of Steven D. Gaston. Appleton Electric Company (Appleton) did not appeal the affirmance of the review panel and paid Gaston compensation benefits 46 days after the entry of the order of affirmance. This case presents the slightly different question of whether the 30-day period for the payment of workers' compensation benefits begins to run on the date the three-judge review panel enters an order affirming the award of compensation benefits or on the date the 30-day statutory time for appeal from the review panel's order expires.

## PROCEDURAL BACKGROUND

On January 6, 1995, Gaston filed a petition in the Workers' Compensation Court, seeking workers' compensation benefits for injuries he sustained while employed by Appleton. After a trial on the matter, a single judge of the compensation court determined that Gaston was entitled to workers' compensation benefits and entered an award on June 30. Appleton filed an application for review of the award. On January 9, 1996, a

three-judge review panel of the compensation court summarily affirmed the award of the single judge. Appleton elected not to appeal from the order of the review panel and paid Gaston compensation benefits on February 14.

On February 28, 1996, Gaston filed an application in which he requested the original single judge to order Appleton to pay penalties, interest, and attorney fees, pursuant to § 48-125, for the reason that the workers' compensation benefits due Gaston were not made within 30 days after notice of disability as required by § 48-125. The single judge, after a hearing, denied Gaston's application for penalties, interest, and attorney fees. The single judge reasoned that the review panel's order of affirmance did not become final until the 30-day statutory time for appeal had expired on February 8; thus, the payments of compensation by Appleton were not delinquent.

Gaston then filed an application for review of this determination, contending that a 50-percent penalty and attorney fees should have been assessed on the February 14, 1996, payment of benefits because the payment occurred more than 30 days after the entry of the January 9 order of affirmance by the three-judge review panel. Agreeing with Gaston, a three-judge review panel of the compensation court found that the 30-day period for the payment of compensation benefits commenced to run on January 9, the date the review panel entered its order, and thus, the February 14 payment of compensation benefits was untimely. The review panel remanded the case to the single judge with an order to enter an award granting Gaston penalties and attorney fees on all payments not made within 30 days of the entry of the order of affirmance on January 9. Appleton appeals.

## SCOPE OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *U S West*

*Communications v. Taborski, ante* p. 770, 572 N.W.2d 81 (1998); *Roth v. Sarpy Cty. Highway Dept., ante* p. 703, 572 N.W.2d 786 (1998). However, as to questions of law, an appellate court in workers' compensation cases is obligated to make its own determinations. *Roth v. Sarpy Cty. Highway Dept., supra.*

## ASSIGNMENT OF ERROR

Appleton's seven assignments of error can be restated and consolidated into the following single assignment: The three-judge review panel of the Workers' Compensation Court erred in determining that the 30-day period for the payment of workers' compensation benefits commenced to run on the date the three-judge review panel entered its order affirming the award of compensation benefits, rather than on the date the 30-day statutory time for appeal from the review panel's order expired.

## ANALYSIS

Appleton asserts that an award of workers' compensation benefits is not final and enforceable until the 30-day statutory time for appeal from the review panel's order expires, regardless of whether an appeal is actually filed. Gaston, on the other hand, contends that the payment of compensation benefits is due 30 days from the date of the review panel's order because Appleton elected not to appeal from the order, and an order of the compensation court is final when issued, not 30 days later when the right to appeal expires and no appeal has been filed.

Section 48-125 provides in pertinent part that

all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; *Provided*, fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability. Whenever the employer refuses payment of compensation or medical payments subject to section 48-120, or when the employer neglects to pay compensation for thirty days after injury or neglects to pay medical payments subject to such section after thirty days' notice has been given of the obligation for medical payments,

and proceedings are held before the Nebraska Workers' Compensation Court, a reasonable attorney's fee shall be allowed the employee by the compensation court in all cases when the employee receives an award.

Section 48-125 authorizes a 50-percent penalty payment for waiting time where the employer fails to pay compensation after 30 days' notice of the disability and where no reasonable controversy exists regarding the employee's claim for benefits. *Roth v. Sarpy Cty. Highway Dept., supra*; *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987).

In support of its assertion that the 30-day period for the payment of workers' compensation benefits did not commence to run until the time to perfect an appeal lapsed, Appleton relies on *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992) (*Leitz II*). In *Leitz v. Roberts Dairy*, 237 Neb. 235, 465 N.W.2d 601 (1991) (*Leitz I*), the Workers' Compensation Court awarded workers' compensation benefits to the injured employee. The employer appealed the award to this court, and we upheld the award on appeal. The opinion of this court was filed on February 15, 1991, and the mandate was filed with the Workers' Compensation Court on February 25. The employer did not make payment of the workers' compensation benefits until after March 17, which resulted in the employee's filing a claim for the imposition of a 50-percent penalty and attorney fees. The issue in *Leitz II* was whether the 30-day period for the payment of compensation benefits commenced to run on February 15, when the opinion was filed, or on February 25, when the mandate was filed with the Workers' Compensation Court. We held that because the Workers' Compensation Court did not obtain jurisdiction of the case until the mandate was filed, the 30-day period for the payment of benefits did not begin to run until the award was final, which was 30 days after the mandate was filed with the Workers' Compensation Court. *Id.*

Unlike in *Leitz II*, the Workers' Compensation Court in the instant case had continuous jurisdiction over the matter and the filing of a mandate was not necessary to reinvest jurisdiction in the compensation court. Thus, consistent with our reasoning in *Roth v. Sarpy Cty. Highway Dept., ante* p. 703, 572 N.W.2d 786 (1998), we hold that, in the absence of the filing of an appeal,

the three-judge review panel's order on rehearing becomes a final adjudicated award. See, also, *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987).

As provided in § 48-125, waiting-time penalties apply to final adjudicated awards. *Roth v. Sarpy Cty. Highway Dept., supra*; *Leitz II, supra*. In the present case, the January 9, 1996, order of the review panel was final on the date it was rendered because Appleton did not file an appeal within 30 days of the order. Therefore, the 30-day period for the payment of benefits commenced to run on January 9, and the February 14 payment of benefits was untimely.

The purpose of the 30-day waiting-time penalty and the provision for attorney fees in § 48-125 is to encourage prompt payment by making delay costly if the award has been finally established. *Roth v. Sarpy Cty. Highway Dept., supra*. See, also, *Smith v. University of Nebraska Medical Center*, 201 Neb. 730, 271 N.W.2d 852 (1978), *modified on rehearing* 202 Neb. 493, 276 N.W.2d 86 (1979); *McCrary v. Wolff*, 109 Neb. 796, 192 N.W. 237 (1923). The only legitimate excuse for delay in the payment of workers' compensation benefits is the existence of a genuine dispute from a medical or legal standpoint that any liability exists. *Roth v. Sarpy Cty. Highway Dept., supra*; *Grammer v. Endicott Clay Products*, 252 Neb. 315, 562 N.W.2d 332 (1997); *Musil v. J.A. Baldwin Manuf. Co.*, 233 Neb. 901, 448 N.W.2d 591 (1989). The mere fact that Appleton was considering an appeal, without actually filing an appeal, is not sufficient evidence to sustain a finding of genuine medical or legal doubt as to liability, thereby excusing Appleton for its delay in paying the compensation benefits. See *Roth v. Sarpy Cty. Highway Dept., supra*. Furthermore, requiring payment within 30 days, rather than within 60 days, of the review panel's order of affirmance is in accord with the purpose behind the penalty provision, which is to ensure the prompt payment of undisputed compensation benefits to the injured employee.

## CONCLUSION

For the foregoing reasons, we conclude that the review panel correctly found that Appleton's February 14, 1996, payment of workers' compensation benefits was untimely. Thus, we affirm

the order of the review panel that remanded the case to the single judge with instructions to enter an award granting Gaston penalties and attorney fees on all payments not made within 30 days of the January 9 order of affirmance.

AFFIRMED.