762 N.W.2d 51 (2009)
277 Neb. 335
Julie LAGEMANN, appellant,
v.
NEBRASKA METHODIST HOSPITAL, appellee.
No. S-08-582.
Supreme Court of Nebraska.
March 6, 2009.
*53 James E. Harris and Britany S. Shotkoski, of Harris Kuhn Law Firm, L.L.P., Omaha, for appellant.
Lindsay K. Lundholm and Kirk S. Blecha, of Baird Holm, L.L.P., Omaha, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*54 CONNOLLY, J.

SUMMARY
In this workers' compensation case, Julie Lagemann appeals the review panel's decision, which followed the Nebraska Court of Appeals' mandate from her earlier appeal. The Court of Appeals had affirmed the original award of benefits. On remand, the review panel affirmed the trial judge's order that denied her waiting-time penalties, interest, and attorney fees under Neb.Rev.Stat. § 48-125 (Reissue 2004). The issue is whether under a 1999 amendment to § 48-125, if an employee appeals the review panel's decision, the employer is liable for waiting-time penalties pending an appeal for any portion of the benefits award that the employer does not cross-appeal.
We held in Leitz v. Roberts Dairy[1] that employees are not entitled to waiting-time penalties pending an appeal when a reasonable controversy existed regarding the employee's claim. In that circumstance, the 30-day waiting-time period does not commence until the final adjudicated award is entered. In 1999, the Legislature amended § 48-125 and effectively codified our holding in Leitz. Because the trial judge correctly applied Leitz, we affirm.

BACKGROUND
In April 2005, Lagemann sued her employer, Nebraska Methodist Hospital. She sought temporary total disability benefits, permanent disability benefits, and, under § 48-125, waiting-time penalties and attorney fees. Later, in June 2006, the trial judge awarded her benefits for temporary total disability and permanent partial disability. But it denied Lagemann waiting-time penalties and attorney fees. The trial judge found that a reasonable controversy existed regarding the cause of her injuries, impairment, and loss of earning power.
Lagemann appealed to the review panel the trial judge's finding that she only had a 25-percent loss of earning power, and the hospital cross-appealed. She did not, however, appeal the trial judge's finding that her claim presented a reasonable controversy. The review panel affirmed. Lagemann then appealed to the Nebraska Court of Appeals, and the hospital did not cross-appeal.
In a memorandum opinion filed on July 9, 2007, in case No. A-06-1421, the Court of Appeals affirmed the review panel's decision. The court's mandate was filed in the Workers' Compensation Court on August 15. Lagemann moved for waiting-time penalties, interest, and attorney fees. The trial judge received Lagemann's and her attorney's affidavits. In Lagemann's affidavit, she stated that on August 14, the hospital hand-delivered to her attorney payments covering her benefits award. The Workers' Compensation Court issued an order on the mandate on August 29.
The trial judge rejected Lagemann's argument that the Court of Appeals' memorandum opinion, issued on July 9, 2007, triggered the 30-day waiting-time period. It concluded that under Leitz, the 30-day period did not commence until the court's mandate was filed in the compensation court. The trial judge reasoned that the mandate was necessary to reinvest the compensation court with jurisdiction. Lagemann also argued that because her appeal involved only permanent disability, the hospital had failed to timely pay temporary disability benefits within 30 days of the review panel's order affirming her award. The review panel affirmed, concluding *55 that the trial judge had correctly applied Leitz.

ASSIGNMENT OF ERROR
Lagemann claims that the trial judge erred in not finding that the hospital untimely paid that part of the award that it failed to cross-appeal. Thus, she contends that the trial judge erred in failing to find that her award was subject to waiting-time penalties.

STANDARD OF REVIEW
[1-3] When reviewing a compensation award under Neb.Rev.Stat. § 48-185 (Reissue 2004), we may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without power or exceeded its powers; (2) the judgment, order, or award was procured by fraud; (3) the record lacks sufficient competent evidence to warrant the making of the order, judgment, or award; or (4) the compensation court's factual findings do not support the order or award.[2] And on appellate review of a workers' compensation award, the trial judge's factual findings have the effect of a jury verdict and will not be disturbed unless clearly wrong.[3] Statutory interpretation, however, presents a question of law, and we independently decide questions of law.[4]

ANALYSIS
A 1999 amendment to § 48-125 provides the flashpoint of the parties' dispute. Section 48-125(1) (Cum.Supp.2008), in relevant part, now provides:
Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death. Fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court . . . .
(Emphasis supplied.)
The Legislature added the language italicized above through the 1999 amendment.[5]
Lagemann makes several arguments. First, she contends that because the hospital did not appeal the review panel's decision, no reasonable controversy existed whether the hospital owed her benefits for at least a 25-percent loss of earning power. She argues that under Gaston v. Appleton Elec. Co.,[6] the 30-day waiting-time period began when the review panel entered its order affirming the trial judge's decision.
Second, Lagemann contends that the Legislature's 1999 amendment of § 48-125 created two separate circumstances in which a court may award waiting-time penalties. She argues that the trial judge improperly focused on only the statute's "final judgment" component. She contends that § 48-125 also permits a court to award waiting-time penalties without a final order. She argues that requiring the Court of Appeals' mandate to be filed in *56 the Workers' Compensation Court to commence the 30-day waiting-time period conflicts with the statute's plain language.
Third, Lagemann argues that the trial judge's and review panel's interpretation of § 48-125 was contrary to the Legislature's intent to protect workers from adverse economic consequences caused by work-related injuries. She also argues that Nebraska case law holds that employers must pay at least the benefits for which liability is undisputed.
[4] Obviously, the hospital disagrees. It argues that the trial judge properly concluded that Leitz controls the case's disposition. It further argues that the "reasonable controversy" standard applies only when an employer denies benefits before an employee commences an action, not when a party appeals a trial judge's award. We agree that the reasonable controversy standard only applies when an employer denies benefits pending trial, not when an employer fails to pay benefits pending an appeal.
[5-7] We have construed § 48-125 to require an employer to pay the 50-percent waiting-time penalty in the following circumstances: if (1) the employer fails to pay compensation within 30 days of the employee's notice of a disability and (2) no reasonable controversy existed regarding the employee's claim for benefits.[7] If an appellate court determines that no reasonable controversy existed regarding the employee's claim for benefits, the employer must pay waiting-time penalties from the date of the award until it pays the benefits under the appellate court's mandate.[8] Also, even if the employer disputes in good faith the total compensation owed pending trial, the employer must pay any portion of the claim for which it admits liability.[9] Finally, when an employer appeals, it will not be excused from paying compensation 30 days following the date of the award unless the employer has an actual basis in law or fact for disputing the award.[10]
In arguing for waiting-time penalties, Lagemann relies on cases in which the court imposed penalties for an employer's failure to pay benefits pending trial after it had offered a settlement. But here, the hospital did not admit any liability pending trial. Nor did Lagemann appeal the trial judge's finding that a reasonable controversy existed. And she does not contend that the hospital's appeal was unjustified. Her reliance is misplaced. Those cases involved an employer's pretrial admission of liabilitynot waiting-time penalties pending appeal.
[8] In Leitz, we specifically considered whether the plaintiffs were entitled to waiting-time penalties pending the employer's appeal. We held:
Where a reasonable controversy exists between an employer and an employee as to the payment of workers' compensation, the employer is not liable for the penalty provided in Neb.Rev.Stat. § 48-125 (Reissue 1988) during the time the case is pending in the courts for final determination. . . . Because a reasonable controversy existed . . . the plaintiffs *57 were not entitled to a penalty payment during the pendency of the appeal to this court.[11]
But we also held that the waiting-time penalty "applies not only to interim payments of compensation, but also to fully litigated cases."[12] We reasoned that because contested claims cause a delay of compensation, it is imperative to discourage any further delay following an appeal.
[9] Thus, in Leitz, we recognized two different circumstances under § 48-125 in which the 30-day time limit applies for the payment of compensation: (1) upon the employee's notice of disability if no reasonable controversy exists regarding the claim or (2) after a final adjudicated award if one of the parties appeals and a reasonable controversy existed regarding the claim pending trial. In two 1998 cases involving employer appeals, we similarly stated that under § 48-125, waiting-time penalties apply to final adjudicated awards.[13] The Legislature's amendment of § 48-125 did not overturn our holding in Leitz.
While our case law is generally consistent with Leitz,[14] we recognize that some of our cases suggest that an employer must pay an award pending an appeal.[15] Even recently, we have stated, "Generally, where there has been an award of benefits, the employee is not to be left without those benefits during appeal."[16] But to the extent our cases have not been consistent, the issue has been decided by the Legislature.
As noted, in 1999, the Legislature amended § 48-125.[17] Before the amendment, § 48-125 did not correspond to this court's holding in Leitz. It provided a waiting-time penalty only after an employee's notice of disability: "[F]ifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability."[18] The amendment, as relevant here, revised § 48-125 to provide a second circumstance in which a waiting-time penalty applies: "[F]ifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court."[19]
[10] If the Legislature had intended to overturn our decision in Leitz, it would have specified that waiting-time penalties are available pending an appeal for any uncontested portion of the award. To the contrary, the Legislature has codified our holding in Leitz by recognizing the additional circumstance in which the 30-day *58 time limit applies following litigation. Under Leitz, when a party appeals a workers' compensation award to an appellate court, the award is not final and the waiting-time period for payment of benefits does not commence to run until the appellate court's mandate is filed in the Workers' Compensation Court. Regarding the original circumstance for awarding waiting-time penalties, the Legislature did not amend that language.
[11] Ordinarily, when an appellate court judicially construes a statute and that construction fails to evoke an amendment, it is presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.[20] Because the Legislature did not change the original language, waiting-time penalties under this part of the statute apply only in the two circumstances delineated by this court in Leitz and later cases. Those circumstances are the employer's obligation to pay claims (1) upon the employee's notification of a disability before an adjudication or (2) after a final adjudicated award is entered. The "final adjudicated award" circumstance is now subsumed in the amendment's added language. Thus, the "after thirty days' notice" language only applies to an employer's failure to timely pay benefits pending trial. We conclude that the 1999 amendment simply made § 48-125 consistent with our holding in Leitz and did not authorize the Workers' Compensation Court to impose waiting-time penalties absent a final adjudication when a party appeals. We affirm.
AFFIRMED.
NOTES
[1] Leitz v. Roberts Dairy, 239 Neb. 907, 479 N.W.2d 464 (1992).
[2] See Money v. Tyrrell Flowers, 275 Neb. 602, 748 N.W.2d 49 (2008).
[3] See id.
[4] See Powell v. Estate Gardeners, 275 Neb. 287, 745 N.W.2d 917 (2008).
[5] See 1999 Neb. Laws, L.B. 216.
[6] Gaston v. Appleton Elec. Co., 253 Neb. 897, 573 N.W.2d 131 (1998).
[7] See, e.g., id.; Mendoza v. Omaha Meat Processors, 225 Neb. 771, 408 N.W.2d 280 (1987).
[8] See, Roth v. Sarpy Cty. Highway Dept., 253 Neb. 703, 572 N.W.2d 786 (1998); Mendoza, supra note 7; Abel Construction Co. v. Goodman, 105 Neb. 700, 181 N.W. 713 (1921).
[9] See. Grammer v. Endicott Clay Products, 252 Neb. 315, 562 N.W.2d 332 (1997); Musil v. J.A. Baldwin Manuf. Co., 233 Neb. 901, 448 N.W.2d 591 (1989); Kubik v. Union Ins. Co., 4 Neb.App. 831, 550 N.W.2d 691 (1996).
[10] Roth, supra note 8; Mendoza, supra note 7.
[11] Leitz, supra note 1, 239 Neb. at 909, 479 N.W.2d at 466, citing Steward v. Deuel County, 137 Neb. 516, 289 N.W. 877 (1940), and Abel, supra note 8.
[12] Leitz, supra note 1, 239 Neb. at 910-11, 479 N.W.2d at 467.
[13] See. Gaston, supra note 6; Roth, supra note 8.
[14] See. Steward, supra note 11; Wilson v. Brown-McDonald Co., 134 Neb. 211, 278 N.W. 254 (1938); Claus v. DeVere, 120 Neb. 812, 235 N.W. 450 (1931), overruled on other grounds, Spiker v. John Day Co., 201 Neb. 503, 270 N.W.2d 300 (1978).
[15] See. Osborn v. Omaha Structural Steel Co., 105 Neb. 216, 179 N.W. 1022 (1920); Updike Grain Co. v. Swanson, 104 Neb. 661, 178 N.W. 618 (1920).
[16] Gibson v. Kurt Mfg., 255 Neb. 255, 265, 583 N.W.2d 767, 773 (1998), citing 8 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 80.54 (1998).
[17] See 1999 Neb. Laws, L.B. 216.
[18] § 48-125(1) (Reissue 1998).
[19] § 48-125(1) (Reissue 2004) (emphasis supplied). See 1999 Neb. Laws, L.B. 216.
[20] See Semler v. Sears, Roebuck & Co., 268 Neb. 857, 689 N.W.2d 327 (2004).