Even if we accept the finding of the district court that Brauer admitted he experienced an "adrenaline" rush as a result of touching J.N., such facts do not constitute proof that the touch was "for the purpose of sexual arousal or gratification." The key issue is not what sensation Brauer experienced after he touched the child, but, rather, what motivated him to touch J.N. in the first place. The only evidence of this is Brauer's statement that he was reacting to the child's striking him in the genitals in an effort to stop such conduct. Of course, the reaction was inappropriate and ill advised, but that does not mean that it was for the purpose of sexual arousal or gratification. In my view, there is no evidence in this record upon which a finder of fact could reasonably conclude beyond a reasonable doubt that Brauer touched the child for that purpose. His actions may have constituted negligent child abuse or some other offense, but not the offense of sexual assault with which he was charged.

Wright and Stephan, JJ., join in this dissent.

———————————

John Jacobitz, appellee, v.
Aurora Cooperative, appellant.
___ N.W.2d ___

Filed December 27, 2013.    No. S-13-091.

1. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
2. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
4. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), an appellate court may review three types of final orders: (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.
5. **Workers' Compensation: Appeal and Error.** A party can appeal an order from the Workers' Compensation Court if it affects the party's substantial right.

6. **Final Orders.** Substantial rights under Neb. Rev. Stat. § 25-1902 (Reissue 2008) include those legal rights that a party is entitled to enforce or defend.

7. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

8. ____: ____. When multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving other issues for later determination, the court's determination of fewer than all the issues is an interlocutory order and is not a final order for the purpose of an appeal.

9. **Workers' Compensation: Final Orders: Legislature: Intent: Appeal and Error.** Permitting employers to appeal from an adverse ruling before the Workers' Compensation Court has determined benefits is inconsistent with the Legislature's intent to provide prompt benefits to injured workers.

10. **Workers' Compensation: Judgments: Final Orders.** From the date of this decision, a Workers' Compensation Court's finding of a compensable injury or its rejection of an affirmative defense without a determination of benefits is not an order that affects an employer's substantial right in a special proceeding.

Appeal from the Workers' Compensation Court: J. Michael Fitzgerald, Judge. Appeal dismissed, and cause remanded for further proceedings.

Patrick R. Guinan, of Erickson & Sederstrom, P.C., for appellant.

Jacob M. Steinkemper, of Brock Law Offices, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Connolly, J.

## SUMMARY

This workers' compensation appeal presents a jurisdictional issue: Did the appellant, Aurora Cooperative (Co-op), appeal from a final order? In a bifurcated proceeding, the trial court determined that the appellee, John Jacobitz, was injured in the scope of his employment. Although the court had reserved the issue of benefits for later determination, the Co-op appealed.

Our case law has been inconsistent on the finality of workers' compensation orders when an employer appeals from an

adverse ruling. We now clarify that such rulings are not final and appealable until the trial court determines benefits for the prevailing claimant. We dismiss the appeal.

## BACKGROUND

Jacobitz sustained a traumatic brain injury when he fell off a flatbed truck driven by Jerry Overturf, the location manager for the Co-op's facility in Ong, Nebraska. The Co-op had just hosted a customer appreciation supper, and Jacobitz was helping to clean and put away a large grill. Overturf towed the grill to a shed on the Co-op's property, and Jacobitz and another manager helped Overturf put the grill inside. Jacobitz then hopped on the back of the flatbed truck for a ride back to the community center where the event was held. He fell off about half a block later.

The primary dispute at trial was whether Jacobitz was injured in the scope of his employment. The court granted Jacobitz' motion to bifurcate the trial. Jacobitz had argued that he had not yet reached maximum medical improvement but that the court could first decide whether he was injured in the scope of his employment. At the start of the trial, the court stated, and the parties agreed, that they were trying only the issue of liability. The parties disputed whether Overturf asked Jacobitz to come and help host the event or whether he was told only that he could come if he wished. They also disputed whether the Co-op or its vendors had sponsored the event.

In its "Award" order, the court found that Jacobitz believed that he had to attend, or that it would be in his best interests to attend the event. The court found that Jacobitz' testimony was the best explanation for why he would have driven to his home 30 miles away to clean up and come back to the event, despite having a family and not earning high wages. It rejected the Co-op's argument that it had not sponsored the event. The court also found that the Co-op had received a substantial benefit from the event and had also benefited from Jacobitz' assistance. It concluded that Jacobitz was injured in an accident arising out of and in the course of his employment.

The court issued its order on January 28, 2013. At the end of the order, the court scheduled a telephone conference for February 4 to set a trial date to determine benefits. The Co-op filed its notice of appeal on February 1.

## ASSIGNMENTS OF ERROR

The Co-op assigns, restated and reduced, that the trial court erred as follows: (1) finding that Jacobitz was injured in the scope of his employment; (2) finding that the customer appreciation supper was a regular incident of employment; (3) assigning liability because Jacobitz subjectively believed he had to attend the supper and that his attendance would be to his benefit; (4) finding that the Co-op received a substantial benefit from the supper and Jacobitz' attendance and assistance, absent evidence of a "direct" benefit to the Co-op; (5) entering an "Award" based on facts that were irrelevant, clearly wrong, and insufficient; (6) receiving an exhibit into evidence over the Co-op's objection; and (7) failing to render a reasoned decision.

## STANDARD OF REVIEW

[1,2] We independently review questions of law decided by a lower court.[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[2]

## ANALYSIS

[3] For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[3] Because workers' compensation proceedings are special proceedings,[4] the issue is whether the court's order is final.

---

[1] *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

[2] *In re Interest of Edward B.*, 285 Neb. 556, 827 N.W.2d 805 (2013).

[3] See, Neb. Rev. Stat. § 25-1911 (Reissue 2008); *Becerra v. United Parcel Service*, 284 Neb. 414, 822 N.W.2d 327 (2012); *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011). See, also, Neb. Rev. Stat. § 25-1301(1) (Reissue 2008).

[4] *Becerra, supra* note 3.

The Nebraska Court of Appeals ordered the parties to brief whether the trial court's order was final even though it had not yet determined benefits. The Co-op argues that the order affected a substantial right in a special proceeding because the order eliminated its complete defense to Jacobitz' claim. Jacobitz cites cases holding that the order was not final because the court reserved issues for later determination.

[4] Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), an appellate court may review three types of final orders: (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.[5]

[5-7] Only the second category is applicable here. A party can appeal an order from the Workers' Compensation Court if it affects the party's substantial right.[6] Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend.[7] A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[8]

[8] But even in workers' compensation cases, we have held that when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving other issues for later determination, the court's determination of fewer than all the issues is an interlocutory order and is not a final order for the purpose of an appeal.[9]

The tension between these two rules—one delineating an affected substantial right and the other delineating

---

[5] *Id.*

[6] See, e.g., *id.*

[7] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[8] *Id.*

[9] See, e.g., *Becerra, supra* note 3; *Merrill v. Griswold's, Inc.*, 270 Neb. 458, 703 N.W.2d 893 (2005).

interlocutory orders—has created two conflicting lines of cases dealing with final orders in workers' compensation appeals. In two cases, Nebraska appellate courts have permitted employers to appeal from the trial court's rejection of its "complete defense" to liability.[10] Although we did not define that term, in those cases, the complete defense was an affirmative defense, which, if it had been successful, would have permitted the employer to prevail even if the claimant proved that he or she sustained a work-related injury.[11] But in cases where the employer's defense is that the claimant failed to prove a work-related injury, we have held that an appeal is interlocutory when the trial court has reserved issues for later determination.[12]

This troubling body of cases has created confusion whether an employer can appeal from a trial court's finding of liability, even if the court has reserved its decision regarding benefits. The confusion exists because a failure of proof defense (e.g., a defense that the claimant has not shown the injury occurred in the scope of employment) is also a complete defense to liability. But more important, interlocutory appeals conflict with the beneficent purpose of the Nebraska Workers' Compensation Act (Act) to provide injured workers with prompt relief from the adverse economic effects caused by a work-related injury.[13]

"Under the Act, employees give up the complete compensation that they might recover under tort law in exchange for no-fault benefits that they quickly receive for most economic losses from work-related injuries."[14] And unnecessary delays in

---

[10] See, *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002); *Morin v. Industrial Manpower*, 13 Neb. App. 1, 687 N.W.2d 704 (2004).

[11] See *id*.

[12] See, *Merrill, supra* note 9; *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003); *Hamm v. Champion Manuf. Homes*, 11 Neb. App. 183, 645 N.W.2d 571 (2002).

[13] See *Zwiener v. Becton Dickinson-East*, 285 Neb. 735, 829 N.W.2d 113 (2013).

[14] *Moyera v. Quality Pork Internat.*, 284 Neb. 963, 978, 825 N.W.2d 409, 420 (2013).

the payment of benefits are contrary to the purpose of providing prompt relief.[15]

Moreover, this concern is present whether the trial court has rejected an employer's failure of proof defense or its affirmative defense. In either case, permitting an employer to appeal will frequently cause a hardship for the prevailing claimant because Nebraska's workers' compensation statutes do not require the employer to pay benefits or waiting-time penalties pending an appeal based on a reasonable controversy.[16]

But if the issue of benefits has been decided before an employer appeals and the award is affirmed on appeal, then the employer must pay the benefits within 30 days after the appellate court's mandate is filed in the Workers' Compensation Court.[17] We have explained that "because contested claims cause a delay of compensation, it is imperative to discourage any further delay following an appeal."[18]

Permitting piecemeal appeals, however, defeats the waiting-time penalty rule that requires prompt payment of benefits after an appeal, when an employer has appealed in good faith but the claimant prevailed. Instead of receiving a speedy payment of benefits immediately after the mandate is issued, a prevailing claimant would face further litigation on the issue of benefits. At that point, the employer could appeal again if a reasonable controversy existed regarding the court's award of benefits.

Even if we limited interlocutory appeals to an employer's appeal from the court's rejection of an affirmative defense, the number of claimants who would be adversely affected by the delay in determining benefits is potentially large. Affirmative defenses would include all of the following: (1) defenses that a claimant is not covered by the Act; (2) defenses that

---

[15] *Estate of Teague v. Crossroads Co-op Assn.*, 286 Neb. 1, 834 N.W.2d 236 (2013).

[16] See, *Lagemann v. Nebraska Methodist Hosp.*, 277 Neb. 335, 762 N.W.2d 51 (2009); Neb. Rev. Stat. § 48-125(1)(b) (Reissue 2010).

[17] See *Lagemann, supra* note 16.

[18] *Id.* at 341, 762 N.W.2d at 57, citing *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992).

jurisdiction in a Nebraska court is improper; (3) defenses that the claim is barred by the statute of limitations; defenses that the claimant failed to properly notify the employer of the injury; (4) defenses that the claimant deliberately violated a safety rule; and (5) defenses that a claimant was willfully negligent or intoxicated.[19] A prevailing claimant in any of these types of cases would face a substantial economic hardship in delayed benefits if we permitted employers to appeal before a court awarded benefits.

But comparable concerns are not raised by precluding an employer's interlocutory appeal when the court has determined only that the claimant's injury is compensable or that the employer's affirmative defense is without merit, but has not determined benefits. In that circumstance, the employer sustains no economic detriment by waiting to appeal until the trial court enters an award that specifies the claimant's benefits.

[9,10] It remains true that an order in a special proceeding is final for the purpose of an appeal if it affects a party's substantial right. But we cannot be blind to the unequal effect of permitting interlocutory appeals in workers' compensation cases. And permitting employers to appeal from an adverse ruling before the Workers' Compensation Court has determined benefits is inconsistent with the Legislature's intent to provide prompt benefits. So instead of ironing out every wrinkle in our case law, we hold the following: From the date of this decision, a Workers' Compensation Court's finding of a compensable injury or its rejection of an affirmative defense without a determination of benefits is not an order that affects an employer's substantial right in a special proceeding.

---

[19] See, e.g., Neb. Rev. Stat. §§ 48-101, 48-102(a), 48-106(2), 48-127, 48-133, and 48-137 (Reissue 2010); *Moyera, supra* note 14; *Risor v. Nebraska Boiler*, 277 Neb. 679, 765 N.W.2d 170 (2009); *Estate of Coe v. Willmes Trucking*, 268 Neb. 880, 689 N.W.2d 318 (2004); *Dawes, supra* note 12; *Larsen, supra* note 10; *Guico v. Excel Corp.*, 260 Neb. 712, 619 N.W.2d 470 (2000); *Nalley v. Consolidated Freightways, Inc.*, 204 Neb. 370, 282 N.W.2d 47 (1979); *Morin, supra* note 10.

## CONCLUSION

We conclude that the Co-op has not appealed from a final order because the trial court has determined only that Jacobitz' accident occurred in the scope of his employment, but has not yet determined benefits. We therefore dismiss the appeal and remand the cause for further proceedings.

APPEAL DISMISSED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

McCormack, J., participating on briefs.

———————————

In re Interest of Landon H., a child
under 18 years of age.
State of Nebraska, appellee, v.
Bonnie H., appellant.
___ N.W.2d ___

Filed December 27, 2013.    No. S-13-140.

1.  **Constitutional Law: Due Process: Appeal and Error.** Whether the procedures given an individual comport with constitutional requirements for procedural due process presents a question of law, which an appellate court independently reviews.
2.  **Constitutional Law: Parental Rights: Due Process.** Because of a natural parent's fundamental liberty interest in the care, custody, and management of their child, if the State intervenes to adjudicate a child or terminate the parent-child relationship, its procedures must meet the requisites of the Due Process Clause.
3.  **Juvenile Courts: Parental Rights: Due Process.** A juvenile court order that terminates parental rights through procedures that violate the parent's due process rights is void.
4.  **Constitutional Law: Due Process.** Procedural due process requires notice to the person whose right is affected by the proceeding; reasonable opportunity to refute or defend against the charge or accusation; reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by the Constitution or statutes; and a hearing before an impartial decisionmaker.
5.  **Juvenile Courts: Parental Rights: Right to Counsel.** In juvenile proceedings, Neb. Rev. Stat. § 43-279.01(1)(b) (Reissue 2008) gives a parent the right to appointed counsel if the parent cannot afford an attorney.
6.  **Juvenile Courts: Parental Rights: Due Process.** When a juvenile court knows that a parent is incarcerated or confined nearby, it should take steps, without request, to afford the parent due process before adjudicating a child or terminating the parent's parental rights.