BONNIE K. SMITH, APPELLANT, v. UNIVERSITY OF NEBRASKA MEDICAL CENTER, APPELLEE.

271 N. W. 2d 852

Filed November 22, 1978. No. 41915.

David L. Herzog, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

The plaintiff, an employee of the University of Nebraska Medical Center, filed a petition in the Nebraska Workmen's Compensation Court for compensation for an injury which occurred on December 21, 1976. At a hearing before a single judge of the compensation court, she was awarded temporary total disability from the date of the accident to the date of the hearing and continuing thereafter until the termination of the total disability. The one-judge court left open the question of the percent of permanent disability as the same had not yet been determined and refused to assess an attorney's fee or the 50 percent penalty under the provisions of section 48-125,

R. S. Supp., 1976, for delay by the employer in making compensation payments.

On appeal to the three-judge compensation court, the temporary disability award was affirmed and the plaintiff was awarded a 10 percent permanent disability rating. The three-judge court also affirmed the denial of the fee for plaintiff's attorney and the 50 percent penalty for waiting time. Plaintiff appeals to this court.

Plaintiff makes two principal assignments of error: (1) That the compensation court erred in finding the plaintiff's permanent disability to be only 10 percent of the body as a whole; and (2) that the compensation court erred in failing to award an attorney's fee and penalty for waiting time under section 48-125, R. S. Supp., 1976, for the failure of the employer to commence compensation within 30 days of the accident.

We affirm in part and reverse in part.

On December 21, 1976, while working for the defendant, plaintiff was ordered to clean a vent in the Pathology Department of the University of Nebraska Medical Center in Omaha. She had no back problems prior to the incident in question. According to her various statements, it appears that the plaintiff developed a "catch" in her back and felt immediate pain when she was reaching to clean the vent or when she slipped off the boxes on which she had been standing. The plaintiff finished her workday and reported her injury to her supervisor, a Rebecca Hickman, on the following day. The plaintiff was immediately referred to Family Practice, i.e., the defendant's clinic, for examination and treatment. The treatment was unsuccessful and ultimately plaintiff consulted with Dr. Anil K. Agarwal, an orthopedist, who operated on the plaintiff's spine.

Without setting forth in detail the opinions of the various experts who testified both for the plaintiff

and the defendant, it is sufficient to say that the 10 percent permanent disability found by the Workmen's Compensation Court finds strong support in the record. Although Dr. Norman H. Hamm, a psychologist called by the plaintiff, testified to an impairment of 40 percent of the body as a whole, the plaintiff's own physician, Dr. Agarwal, assessed plaintiff's disability as 10 percent permanent impairment.

Section 48-185, R. S. Supp., 1976, provides in part: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case."

We said in Kudera v. Minnesota Mining & Manuf. Co., *ante* p. 235, 266 N. W. 2d 915: "This court is not free in workmen's compensation cases to weigh the facts anew. Our standard of review accords to the findings of the compensation court the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong." The plaintiff's assigned error relating to the proper percentage of disability is without merit.

The plaintiff's other assignments of error relate to the failure of the employer to make any compensation within 30 days. She therefore alleges that the compensation court erred in failing to award attorney's fees for the services of counsel at the one-judge hearing, and in failing to award the 50 percent waiting penalty. Both of these remedies are available under section 48-125, R. S. Supp., 1976, and are intended to encourage prompt payment of valid claims by the employer.

It is undisputed that the plaintiff did not receive any compensation for time lost or for medical expenses incurred for nearly 10 months from the date of the injury. The compensation court determined after both the one-judge and three-judge hearings that the plaintiff's injury was compensable. Indeed,

the State does not seriously contest the issue here nor did it do so in the compensation court. It does, however, attempt to bring its failure to make prompt payment within an exception to the waiting-penalty rule. The exception is that an employee is not entitled to attorney's fees or waiting penalty when the delay in payment was caused by a reasonable controversy on the issue of liability. See Wheeler v. Northwestern Metal Co., 175 Neb. 841, 124 N. W. 2d 377. The employer claims, and the compensation court held, that there was such a controversy here. We disagree. Whether the "reasonable controversy" exception to the statutory penalty provisions is available depends on the facts of each case. See Marshall v. Columbus Steel Supply, 187 Neb. 102, 187 N. W. 2d 607.

The only argument in plaintiff's brief to support this reasonable controversy theory is its reference to four varying explanations by the plaintiff as to the cause of her injury. Upon a review of the record, it could be argued that these versions are not wholly contradictory, especially when read in the light of plaintiff's limited verbal skills. We simply note that as of 30 days after the accident, the plaintiff had given only one of these explanations. That version was, at the time, uncontroverted. The "controversy" created by the other versions appears to be an afterthought to justify what the plaintiff's counsel has rightly characterized as a case of bureaucratic indifference to the plaintiff's claim. For example, the State points to the version given before the compensation court on rehearing as being a contributor to the controversy; but that rehearing was almost a year after the accident and several months after compensation had belatedly commenced. It is inconceivable that this could have been an element in any controversy contemporaneous with the initial decision to deny compensation. Indeed, the only solid evidence of a reasonable controversy is that of

the testimony of a secretary in the State Claims Board concerning a conversation she had with a member of the staff of the Attorney General assigned to pass on the compensability of claims by state employees. During that conversation, it was decided that there had been no showing of an "accident" since the report merely showed that the plaintiff's injury occurred while she was reaching up to clean a pipe. It is clear this determination was an application of the old law prior to the 1963 amendment to section 48-151 (2), R. R. S. 1943. That amendment substituted unforeseen "injury" for unforeseen "event" in the definition of accident. "The statutory change has removed Nebraska from the minority of states which require a showing that the employment exertion which produced the result was in some way unusual in order to establish its accidental character." See Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461.

The overwhelming evidence was that the plaintiff suffered an unforeseen injury in the course of her employment; that her supervisor had notice on the day following the accident; that no payments were made within 30 days; and that the claim was rejected on the basis of what can only be termed an erroneous understanding of the then current law of the State of Nebraska. The attempt to find, as justification for the delay, minor variations in the plaintiff's version of how the incident produced the injury is patently an afterthought. It is precisely to prevent this type of situation that the remedial provisions of section 48-125, R. S. Supp., 1976, were designed. The compensation court should have awarded the 50 percent penalty as provided in that section and a suitable attorney's fee for services rendered before the one-judge court. The cause is remanded for that purpose.

The plaintiff also seeks a reasonable attorney's fee for services before the three-judge panel and before

this court. Attorney's fees are not allowable for services on appeal in a compensation case where, as in this case, the appeal is instituted by the employee. See Lee v. Lincoln Cleaning & Dye Works, 145 Neb. 124, 15 N. W. 2d 330.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.