[No. A030135. First Dist., Div. Two. July 19, 1985.]

OTTO JENSEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
GILLIG CORPORATION, Respondents.

**COUNSEL**

Donna Rivers and Jewel, Leary & Russo for Petitioner.

Carl J. Weber and Hanna, Brophy, MacLean, McAleer & Jensen for Respondents.

## Opinion

**KLINE, P. J.**—Petitioner Otto Jensen seeks review of a Workers' Compensation Appeals Board (Board) opinion and order denying reconsideration. ■■■ The Board refused to assess a 10 percent penalty against respondent Gillig Corporation for a delay in paying compensation. (Lab. Code, § 5814.)[1] Petitioner contends that the Board's decision is unsupported by substantial evidence. We agree.

Petitioner Jensen was employed as a sheet metal welder by respondent Gillig Corporation and was injured in a fall in the course of his employment.

A findings and award were issued denying respondent's appeal from an order of the rehabilitation bureau and ordering respondent to provide a vocational rehabilitation evaluation and temporary benefits. Respondent's petition for reconsideration was denied on October 26, 1983. On December 13, petitioner filed a petition for imposition of a 10 percent penalty for respondent's failure to pay temporary disability compensation. Respondent paid the disability benefits on December 15, a delay of 50 days or approximately 7 weeks. Petitioner asserted that the delay—encompassing the 45-day period within which to file a petition for writ of review (§ 5950) plus an additional 5 days due to company procedures—was unreasonable and proper grounds for the assessment of the 10 percent penalty.

The workers' compensation judge found that respondent had not unreasonably delayed benefit payments because by statute respondent was entitled to 45 days within which to prepare and file a petition for writ of review. The judge declined to characterize the delay as unreasonable, even though no such writ was actually filed, because he thought that to do so "would have a chilling effect" on the right to seek appellate review. The workers' compensation judge further found that the additional five days' delay occurred as the result of "normal" business procedures, was not dilatory and therefore not unreasonable. The Board concurred and denied reconsideration.[2]

---

[1] Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein." All references herein are to the Labor Code.

[2] One Board member dissented on the ground that the 45-day delay was not per se a reasonable period and respondent failed to meet its burden of demonstrating an excusable delay.

Petitioner contends that as a matter of law respondent's 50-day delay in paying benefits was unreasonable and subject to a 10 percent penalty under section 5814. Respondent argues that the delay was not unreasonable because it was entitled to the 45-day period within which to appeal the Board's decision and the additional delay was minimal and attributable to normal business practices.

The leading case regarding the proper interpretation and application of section 5814 is *Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223 [93 Cal.Rptr. 192, 481 P.2d 200]. There, in a unanimous opinion, the court expressly recognized that "the only satisfactory excuse for delay in payment of disability benefits, whether prior to or subsequent to an award, is genuine doubt from a medical or legal standpoint as to liability for benefits." (*Id.,* at p. 230.) ■■■ The burden is on the employer to present substantial evidence on which a finding of such doubt may be based. (*Id.,* at p. 227; *Johnson* v. *Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 770 [210 Cal.Rptr. 28].)

In *Kerley,* the medical reports made it abundantly clear that the employee had suffered a substantial industrial disability and was not improving. In assessing the 10 percent penalty the court found that the employer failed to present evidence to sustain a finding of genuine medical or legal doubt as to liability.

In the instant case, respondent offers no evidence as to a "genuine doubt" regarding medical or legal liability. In effect, respondent urges that the 45-day period within which to appeal is an automatic "grace period" wherein respondent is presumed to have "genuine doubt" as to legal liability. Respondent argues that to penalize it for utilizing the statutory limit to consider, research and prepare an appeal is contrary to the appellate right provided by section 5950, regardless whether an appeal is actually filed.

■■■ Respondent's interpretation of section 5814 is, first of all, difficult to square with the general purpose of that statute, which was to protect employees' not employers' rights. The statute was intended to encourage employers to make prompt payments by making delay costly. (*Jardine* v. *Workers' Comp. Appeals Bd.* (1984) 163 Cal.App.3d 1, 8 [209 Cal.Rptr. 139].) It is also inconsistent with the legislative mandate that "[t]he provisions of [the workers' compensation law] shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.) ■■■ Respondent's interpretation of section 5814 is, finally, impossible to reconcile with the specific construction placed upon that statute by our Supreme Court in *Kerley,* where, as indicated, "genuine doubt from a medical or legal

standpoint as to liability for benefits" is set forth as "the *only* satisfactory excuse for delay in payment of disability benefits." (*Kerley* v. *Workmen's Comp. App. Bd., supra,* 4 Cal.3d at p. 230, italics added.) Moreover, *Kerley* also established that the burden is on the employer to present substantial evidence of such doubt. (*Ibid.*) Respondent has not met that burden. As noted, there is nothing in the record that suggests respondent had any doubt as to its medical or legal liability and it is virtually conceded that none existed.

 Respondent, ignoring *Kerley,* instead relies on *Kampner* v. *Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 376 [150 Cal.Rptr. 222], wherein the court held that a 26-day delay in benefit payments (as a result of mismailing) was not unreasonable due to the diligence of the employer and "normal" business procedures. The import of *Kampner,* however, also conflicts with the unequivocal rule set forth in *Kerley. Kampner,* in resolving the issue of what constitutes reasonable delay, broadened considerably the *Kerley* standard, and held that the number of days' delay alone was not determinative of reasonableness without additional facts, specifically, the employer's diligence measured against "normal" business procedures.

This reasoning, like respondent's entire argument, simply cannot be reconciled with the explicit holding in *Kerley* that "the *only* satisfactory excuse" for delay is genuine doubt as to medical or legal liability. The *Kampner* court, relying on the Board's decision, concluded that because "an inadvertent delay can justify a penalty does not mean that *any* delay resulting from inadvertence requires the imposition of a penalty." (*Id.,* at p. 382.) By focusing on "inadvertence" in its assessment of reasonableness, the *Kampner* opinion adroitly evades the question of "genuine doubt," which is the central inquiry we think unavoidably mandated by *Kerley.* The circumvention of this issue is also in conflict with both the public policy embodied in section 5814 (*Jardine* v. *Workers' Comp. Appeals Bd., supra,* 163 Cal.App.3d at p. 8) and the rule of construction favoring injured workers codified in section 3202.

The *Kampner* court's insistence that "each case must be judged on its own facts as to whether the delay was reasonable or not" significantly vitiates the straightforward *Kerley* rule and undermines the statutory "incentive" for employers to make benefit payments promptly. The *Kerley* rule, since it turns on an objective showing of the existence of genuine doubt as to medical or legal liability, admits of relatively easy uniform application that will enhance certainty and predictability and will accomplish substantial justice consistent with public policy as declared in our Constitution. (Cal.

Const., art. XIV, § 4.)[3] Moreover, because *Kerley* was rendered by a court of superior jurisdiction the standard articulated in that case prevails over the conflicting approach set forth in *Kampner*. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ Respondent has not submitted any evidence to support a claim of genuine medical or legal doubt other than the bald assertion that an appeal was under consideration. Unlike *Ulrich* v. *Workmen's Comp. App. Bd.* (1975) 50 Cal.App.3d 643 [123 Cal.Rptr. 435], where no penalty was assessed because payment of the award was delayed by the actual *pendency* of a petition for review, respondent merely waited ostensibly to consider the legal alternatives. Respondent has failed to meet its burden of demonstrating a "genuine doubt" as to liability. Having found no evidence in the record to support a claim of genuine doubt, the Board's finding that respondent did not unreasonably delay benefit payments and was not subject to a 10 percent penalty is unsupported by substantial evidence.

Accordingly, the award is annulled with directions to enter a new award providing for the statutory 10 percent penalty for late payment of benefits.

Smith, J., concurred.

Rouse, J., concurred in the judgment.

The petition of respondent Gillig Corporation for review by the Supreme Court was denied October 23, 1985.

---

[3]Article XIV, section 4, declares, inter alia, that it is "the social public policy of this State, binding upon all departments of the State government," that our system of workers' compensation shall be administered so as to "accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character."