JAMES A. ROTH, APPELLEE, V.
SARPY COUNTY HIGHWAY DEPARTMENT, APPELLANT.

572 N.W. 2d 786

Filed January 2, 1998.   No. S-97-366.

David A. Dudley and Darin J. Lang, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Christopher D. Jerram, of Kelley, Lehan & Hall, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

On June 17, 1996, a single judge of the Nebraska Workers' Compensation Court determined that James A. Roth was entitled to an award of workers' compensation benefits as a result of an injury he sustained while employed by the Sarpy County Highway Department (Department). The Department did not file an application for review of the award and paid benefits to Roth on July 19 and on August 14. On August 2, Roth filed a motion to assess a 50-percent waiting-time penalty and attorney fees against the Department for its failure to pay benefits within 30 days of the June 17 award. A single judge assessed a 50-percent penalty and attorney fees against the Department for its untimely August 14 payment of benefits. Roth, however, then filed an application for review of this determination, contending that a 50-percent penalty and attorney fees should have also been assessed on the July 19 payment of benefits. Agreeing with Roth, a three-judge review panel of the compensation court assessed a 50-percent penalty and attorney fees against the Department for its untimely July 19 payment. The Department appeals. Because we conclude that the 30-day period for the payment of benefits commenced on the date the award was rendered on June 17, rather than on the date the 14-day statutory time for application for review of the award expired, we affirm the order of the Workers' Compensation Court assessing a 50-percent penalty and attorney fees against the Department for its untimely July 19 payment of benefits.

## PROCEDURAL BACKGROUND

On November 22, 1995, Roth filed an action in the Workers' Compensation Court, seeking compensation benefits for injuries he sustained on April 4, 1993, while employed by the Department. After a hearing on the matter, a single judge of the Workers' Compensation Court determined that Roth was entitled to compensation benefits and entered an award on June 17, 1996. The Department elected not to file an application for review of the award and paid Roth benefits in the amount of $16,579.20 on July 19. Due to a miscalculation by the

Department, this amount was not the total amount of benefits due and owing to Roth, and the Department subsequently made an additional payment to Roth in the amount of $9,790.13 on August 14.

On August 2, 1996, Roth filed a motion to assess a 50-percent waiting-period penalty and attorney fees against the Department for its failure to pay compensation benefits within 30 days of the award that was rendered on June 17. The compensation court trial judge determined that the Department's August 14 payment was delinquent and, thus, assessed a 50-percent penalty and attorney fees against the Department. Roth, however, filed an application for review of that determination, contending that the Department's payment on July 19 was also delinquent and should also have been subject to a 50-percent penalty and attorney fees. Agreeing with Roth, a three-judge review panel of the compensation court assessed a 50-percent penalty and attorney fees against the Department. The review panel found that the 30-day period for the payment of compensation benefits commenced on the date the award was rendered on June 17, rather than on the date the 14-day statutory time for application for review of the award expired, and thus, the July 19 payment of benefits was untimely. The Department appeals.

## SCOPE OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Acosta v. Seedorf Masonry, Inc., ante* p. 196, 569 N.W.2d 248 (1997); *Sheridan v. Catering Mgmt., Inc.,* 252 Neb. 825, 566 N.W.2d 110 (1997). However, as to questions of law, an appellate court in workers' compensation cases is obligated to make its own determinations. *Sheridan v. Catering Mgmt., Inc., supra*; *Winn v. Geo. A. Hormel & Co.,* 252 Neb. 29, 560 N.W.2d 143 (1997).

## ASSIGNMENT OF ERROR

The Department's sole assignment of error is that the three-judge review panel of the Workers' Compensation Court erred in determining that the 30-day period for the payment of workers' compensation benefits commenced on the date the award was rendered, rather than on the date the 14-day statutory time for application for review of the award expired.

## ANALYSIS

The Department asserts that an award is not final and enforceable until after the 14-day statutory time for application for review of the award expires, whether or not an application for review is actually filed. Thus, the Department claims that the 30-day period for the payment of compensation benefits commences on the date the 14-day statutory time for application for review of the award expires, which effectively provides the Department 44 days to pay the compensation benefits. Roth, however, contends that the payment of compensation benefits is due 30 days from the date of the award because the Department elected not to file an application for review of the award and an award is final when issued, not 14 days later when the right to seek review expires. Therefore, we must determine the date an award of compensation benefits becomes final, in the absence of the filing of an application for review, for the purposes of commencing the 30-day period for the payment of workers' compensation benefits.

Neb. Rev. Stat. § 48-125(1) (Reissue 1993) provides in pertinent part that

all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; *Provided,* fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability. Whenever the employer refuses payment of compensation or medical payments subject to section 48-120, or when the employer neglects to pay compensation for thirty days after injury or neglects to pay medical payments subject to such section after thirty days' notice

has been given of the obligation for medical payments, and proceedings are held before the Nebraska Workers' Compensation Court, a reasonable attorney's fee shall be allowed the employee by the compensation court in all cases when the employee receives an award.

Section 48-125 authorizes a 50-percent penalty payment for waiting time where the employer fails to pay compensation after 30 days' notice of the disability and where no reasonable controversy exists regarding the employee's claim for benefits. *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987).

As provided in § 48-125, waiting-time penalties apply to final adjudicated awards. *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992). An "award of a single judge of the Nebraska Workers' Compensation Court shall be binding upon each party at interest *unless* an application for review has been filed with the compensation court within fourteen days following the date of rendition of the . . . award." (Emphasis supplied.) Neb. Rev. Stat. § 48-170 (Reissue 1993). In other words, in the absence of the filing of an application for review, an award entered by a single judge of the Workers' Compensation Court is final on the date that the award is entered. See, *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 827, 401 N.W.2d 679, 681 (1987) ("award [entered by the compensation court] on rehearing became a final judgment in the absence of an appeal"); *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984) (holding that decree or award rendered by compensation court is final judgment).

In the instant case, no application for review was filed within 14 days from the date that the award was rendered. Therefore, the award was final on June 17, 1996, and the 30-day period for the payment of workers' compensation benefits commenced on June 17. Because more than 30 days elapsed from the date the award was rendered, June 17, and the date the Department paid workers' compensation benefits to Roth, July 19, the three-judge review panel correctly found that the payment was untimely and, thus, properly assessed a 50-percent penalty and attorney fees against the Department.

The purpose of the 30-day waiting-time penalty and the provision for attorney fees in § 48-125 is to encourage prompt payment by making delay costly if the award has been finally established. See, *Smith v. University of Nebraska Medical Center,* 201 Neb. 730, 271 N.W.2d 852 (1978), *modified on rehearing* 202 Neb. 493, 276 N.W.2d 86 (1979); *McCrary v. Wolff,* 109 Neb. 796, 192 N.W. 237 (1923). We have previously stated that the only legitimate excuse for delay in the payment of compensation benefits is the existence of a genuine dispute from a medical or legal standpoint that any liability exists. *Grammer v. Endicott Clay Products,* 252 Neb. 315, 562 N.W.2d 332 (1997); *Musil v. J.A. Baldwin Manuf. Co.,* 233 Neb. 901, 448 N.W.2d 591 (1989). The Department's assertion that it was considering filing an application for review, but its not actually filing such an application, is not a sufficient reason to sustain a finding of genuine medical or legal doubt as to liability, thereby excusing the Department's delay in the payment of compensation benefits. See *Jensen v. Workers' Comp. Appeals Bd.,* 170 Cal. App. 3d 244, 216 Cal. Rptr. 33 (1985) (holding that 45-day appeal period within which employer was considering appeal of award was not sufficient evidence as to genuine doubt regarding medical or legal liability, and thus, employer was not justified in delaying benefit payments to injured employee for 50 days). See, also, 8 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 83-41(c) at 15-1561 through 15-1564 (1997) ("[t]he pendency of an appeal may form an excuse [for the delay in the payment of benefits], but failure to pay within the period allowed for appeal is not excused if no appeal is in fact taken"). Furthermore, requiring payment within 30 days, rather than within 44 days, after the rendition of the award is in accord with the purpose behind the penalty provision, which is to ensure the prompt payment of benefits to the injured employee.

Finally, the Department claims that if the 30-day period for the payment of a penalty commences when the award is issued in the absence of an appeal, there is "a tremendous incentive for employers to appeal *every* award, as this would be the only way to preserve the entire 30-day statutory period for payment of benefits." Brief for appellant at 15. We disagree. In order to

refrain from paying compensation benefits and to avoid the penalty assessable under § 48-125, the employer must demonstrate that he or she has an actual basis, in law or fact, for disputing the employee's claim. *Grammer v. Endicott Clay Products, supra*; *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992); *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987). Therefore, if an employer does not have an actual basis, in law or fact, for disputing the employee's claim and, thus, is not justified in appealing the award, the employer will not be excused from paying compensation benefits to the injured employee within 30 days following the date the award was issued, notwithstanding the fact that an application for review was filed. See, e.g., *Mendoza v. Omaha Meat Processors, supra* (finding that no reasonable controversy existed as to cause of injured employee's disability, and thus, employer was subject to 50-percent penalty and attorney fees for delay in payment of compensation benefits). Thus, contrary to the Department's assertion, an employer cannot simply file an application for review of an award for the purpose of preserving the entire 30-day statutory period for the payment of benefits as the employer must also have an actual basis, in law or fact, for disputing the employee's claim.

## CONCLUSION

We conclude that the three-judge review panel of the Workers' Compensation Court correctly found that the Department's July 19, 1996, payment of workers' compensation benefits was untimely and, thus, properly assessed a 50-percent waiting-time penalty and attorney fees against the Department. Accordingly, we affirm the judgment of the three-judge review panel of the Workers' Compensation Court.

AFFIRMED.