IN RE ESTATE OF OTTO A. EICKMEYER, DECEASED.
LANA NALEZINEK, APPELLANT, V. UNION BANK AND TRUST
COMPANY OF LINCOLN, NEBRASKA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF OTTO A. EICKMEYER, DECEASED,
ET AL., APPELLEES.
628 N.W.2d 246

Filed June 22, 2001. No. S-00-158.

Don R. Janssen and Jolene M. Papa, of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

John C. Hurd and Fred B. Campbell, Jr., of Wolfe, Snowden, Hurd, Luers & Ahl, for appellee Erma Schwartz.

HENDRY, C.J., CONNOLLY, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

We are asked to determine how the residue of the estate of Otto A. Eickmeyer (testator) should be distributed. Three of the five devisees named in the residuary clause of the testator's will predeceased him. Two died without issue. The third was survived

by a daughter, appellant Lana Nalezinek. The parties agree that pursuant to the antilapse statute, Neb. Rev. Stat. § 30-2343 (Reissue 1995), Nalezinek is entitled to that portion of the residuary estate specifically devised to her father, Harry Eickmeyer. The single question of law presented for review is whether Nalezinek is also entitled to a portion of the residuary devised to the two persons who predeceased the testator without issue.

## BACKGROUND

The relevant facts are not disputed. The testator died on March 3, 1999. His will, dated January 12, 1987, provided in pertinent part:

All the rest, residue and remainder of my property, both personal and real, I give, devise and bequeath as follows: 50% thereof to my sister, LaVerne Schuelke, 20% to my sister Emma Sunderman, and the remaining 30% to my brother Harry Eickmeyer and to my sisters Mabel Jones and Erma Schwartz, share and share alike.

LaVerne Schuelke and Mabel Jones predeceased the testator, leaving no issue. Harry Eickmeyer also predeceased the testator and has one surviving issue, Nalezinek. Appellees Emma Sunderman and Erma Schwartz survived the testator.

On April 28, 1999, the registrar issued a statement of informal probate. The registrar declared the January 12, 1987, will valid and appointed Union Bank and Trust Company as personal representative. The personal representative then filed a petition, and later an amended petition, to construe the will. In its amended petition, the personal representative alleged that "[i]t is unclear through the application of Nebraska Probate Code Section 30-2343 and 30-2344 whether 'residuary devisees' means the persons named in the residual clause or the persons who receive under the residual clause and those who receive pursuant to Nebraska Probate Code Section 30-2343." The personal representative alleged that

[i]t is possible to construe the application of 30-2344 to divide the failed amount (60% of residual estate) only to the residuary devisees named in the will without the application of 30-2343 whereby the 60% residual will be distributed proportionately among Emma H. Sunderman and

Erma L. Schwartz. It is also possible to construe Section 30-2344 with Section 30-2343 whereby the residual amount would be distributed proportionately among Emma H. Sunderman, Erma L. Schwartz and Lana Nalezinek.

The personal representative further alleged that under the first construction, Sunderman would receive 60 percent of the residue, Schwartz would receive 30 percent, and Nalezinek would receive the remaining 10 percent. However, under the second construction of the statutes, Sunderman would receive 50 percent of the residue, Schwartz would receive 25 percent, and Nalezinek would be entitled to a 25-percent share.

Following a hearing, the county court entered an order determining that Nalezinek was not a "residuary devisee" within the meaning of § 30-2344 and therefore "the failed amount of 60 percent of the residue should be distributed proportionately between Emma Sunderman and Erma Schwartz, the residuary devisees named in the will." Nalezinek perfected this appeal, which we moved to our docket pursuant to our authority to regulate the dockets of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Nalezinek assigns that the county court erred in finding that she was not a "substitute residuary devisee" of the testator's estate pursuant to § 30-2343 and Neb. Rev. Stat. § 30-2344(b) (Reissue 1995). She also assigns that the county court erred in failing to instruct the personal representative to distribute the estate proportionately between Sunderman, Schwartz, and Nalezinek.

## STANDARD OF REVIEW

When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Mertz v. Pharmacists Mut. Ins. Co.*, 261 Neb. 704, 625 N.W.2d 197 (2001); *North Bend Senior Citizens Home v. Cook*, 261 Neb. 500, 623 N.W.2d 681 (2001).

## ANALYSIS

Resolution of the issue presented for appeal requires that we construe statutory language found in two sections of the Nebraska Probate Code. The first is § 30-2343, which provides in pertinent part:

> If a devisee related to the testator in any degree of kinship is dead at the time of execution of the will, fails to survive the testator, or is treated as if he predeceased the testator, the issue of the deceased devisee who survive the testator by one hundred twenty hours take in place of the deceased devisee . . . .

The second statute is § 30-2344, which delineates how failed devises should be distributed. Specifically, § 30-2344(b) provides:

> Except as provided in section 30-2343, if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to other residuary devisees in proportion to their interests in the residue.

Nalezinek argues that because § 30-2344(b) makes specific reference to § 30-2343, the phrase "other residuary devisee" as used in § 30-2344(b) would include residuary devisees specifically named in the will *and* those who take in their place by operation of the antilapse statute. Thus, Nalezinek contends she is entitled not only to that portion of the estate specifically devised to Harry Eickmeyer, but also that share of the devises to Schuelke and Jones which Harry Eickmeyer would have received under § 30-2344 if he had survived the testator.

On the other hand, Schwartz argues that because the term "devisee" is defined by Neb. Rev. Stat. § 30-2209(8) (Cum. Supp. 2000) as "any person designated in a will to receive a devise," the phrase "other residuary devisee" as used in § 30-2344(b) must be narrowly construed to include only persons or entities who are specifically named in the will as devisees. She argues that the Legislature did not intend to treat people who take the place of another through the operation of the antilapse statute in the same manner as persons who are actually named in the will.

We have not previously addressed the issue presented. Neither our research nor the parties' briefs identify pertinent authority from other jurisdictions which have adopted the Uniform Probate Code, from which §§ 30-2343 and 30-2344 are derived. See, Unif. Probate Code §§ 2-605 and 2-606, 8 U.L.A. 423-27 (1998); Donald H. Kelley, *The Nebraska Probate Code: Its Background and Development*, 9 Creighton L. Rev. 454 (1976). Two courts, however, have addressed the issue under

statutes which are similar to §§ 30-2343 and 30-2344. See, *Fidelity Union Trust Co. v. Berenblum*, 91 N.J. Super. 551, 555, 221 A.2d 758, 760 (1966) (construing statute that provided that share of predeceased residuary devisee "'shall go to and be vested in the remaining devisee[s] or legatee[s]'" and holding that statute should be read in pari materia with state's antilapse statute, so that descendants of two deceased residuary devisees would take that which was devised to their deceased ancestors, as well as their ancestors' share of devise to third person who predeceased testator but left no issue); *Kammer v. Raver*, 96 N.E.2d 439 (Ohio Prob. 1950) (holding that share of residuary devisee who predeceased testator and left no issue would be divided in half, with surviving residuary devisee to receive one share and issue of residuary devisee who predeceased testator to receive other share).

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Benitez v. Rasmussen*, 261 Neb. 806, 626 N.W.2d 209 (2001); *Mulinix v. Roberts*, 261 Neb. 800, 626 N.W.2d 220 (2001). In resolving the dispute as to the manner in which §§ 30-2343 and 30-2344(b) apply to the facts of this case, we are guided by certain familiar principles. The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Estate of Sutherlin*, 261 Neb. 297, 622 N.W.2d 657 (2001); *Jacob v. Schlichtman*, 261 Neb. 169, 622 N.W.2d 852 (2001). A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *City of Lincoln v. Nebraska Liquor Control Comm.*, 261 Neb. 783, 626 N.W.2d 518 (2001); *Gottsch Feeding Corp. v. State*, 261 Neb. 19, 621 N.W.2d 109 (2001). It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Blizzard v. Chrisman's Cash Register Co.*, 261 Neb. 445, 623 N.W.2d 655 (2001); *Central States Found. v. Balka*, 256 Neb. 369, 590

N.W.2d 832 (1999). In construing a statute, an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *State on behalf of Minter v. Jensen*, 259 Neb. 275, 609 N.W.2d 362 (2000); *Armour v. L.H.*, 259 Neb. 138, 608 N.W.2d 599 (2000).

Upon application of these principles, we reject the restrictive reading of §§ 30-2343 and 30-2344(b) urged by Schwartz and adopted by the county court. Harry Eickmeyer was designated in the will to receive a devise of a portion of the residuary estate and was therefore a residuary "devisee" as defined by § 30-2209(8). Had he survived the testator, he would have been entitled to the share devised to him in the will, as well as a proportionate share of any failed residuary devises by operation of § 30-2344(b). Because he predeceased the testator, his issue takes in his place by operation of § 30-2343. Neither that statute nor § 30-2344(b) places any limitation upon the estate which passes to the issue of a deceased devisee by operation of the antilapse statute. Accordingly, we conclude that the failed devises to Schuelke and Jones, representing 60 percent of the residue, should be distributed proportionately between Nalezinek, Sunderman, and Schwartz in addition to the devises made to Sunderman and Schwartz and that which Nalezinek takes in the place of Harry Eickmeyer. This will result in a distribution of 25 percent of the total residue to Nalezinek, 25 percent to Schwartz, and 50 percent to Sunderman.

## CONCLUSION

For the reasons discussed above, we reverse the judgment of the county court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT and GERRARD, JJ., not participating.