OTTACO, INC., A MICHIGAN CORPORATION, APPELLANT,
v. GALEN MCHUGH AND KATHY MCHUGH,
HUSBAND AND WIFE, ET AL., APPELLEES.

640 N.W.2d 662

Filed March 22, 2002.   No. S-00-824.

Robert S. Lannin, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., for appellant.

Charles J. Cuypers, Grand Island City Attorney, for appellee City of Grand Island.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This is an appeal from an action to quiet title by appellant, Ottaco, Inc. Following a private tax sale by the Hall County treasurer for delinquent taxes, the purchaser assigned the tax sale certificate to Ottaco. Although Ottaco timely requested the tax deed, the district court found that the tax deed was invalid because it was not issued by the county treasurer within the 3-year, 6-month time limitation under Neb. Rev. Stat. § 77-1837 (Reissue 1996) and dismissed Ottaco's petition.

The sole issue is whether a tax deed is invalid if the county treasurer fails to execute and deliver the deed within the 3-year, 6-month time limitation specified under § 77-1837.

We determine that once a purchaser of a tax sale certificate has shown proof of notice as provided for under chapter 77, article 18, of the Nebraska Revised Statutes and has requested a deed within 6 months after the expiration of 3 years from the date of sale, the purchaser has done all that is required under article 18 to acquire a treasurer's tax deed. We further determine that the county treasurer's authority to execute and deliver the deed is not limited to the time limitation provided for in § 77-1837. Accordingly, we reverse.

## RELEVANT STATUTES

A review of the applicable statutes will clarify the positions taken by the parties. When a county treasurer sells real property for delinquent taxes under chapter 77, the purchaser receives a tax sale certificate which acts as a lien against the property for the taxes paid by the purchaser. Neb. Rev. Stat. § 77-1818 (Reissue 1996). After a period of 3 years, the purchaser can elect to acquire a deed to the property by either requesting a treasurer's tax deed under the procedures of article 18 or commencing a foreclosure action under article 19. § 77-1837 and Neb. Rev. Stat. § 77-1902 (Reissue 1990). The owner retains the right to redeem the property at any time before the tax deed is delivered by the county treasurer or before judicial confirmation of a sale after a decree of foreclosure. Neb. Rev. Stat. §§ 77-1824 and 77-1917 (Reissue 1996). This case involves the provisions for acquiring a treasurer's tax deed under article 18.

At the time of these proceedings, § 77-1837 provided:

> At any time within six months after the expiration of three years from the date of sale of any real estate for taxes or special assessments, if such real estate has not been redeemed, the county treasurer, on request, on production of the certificate of purchase, and upon compliance with the provisions of sections 77-1801 to 77-1837, shall execute and deliver to the purchaser or his or her heirs or assigns a deed of conveyance for the real estate described in such certificate.

The other statute at issue is Neb. Rev. Stat. § 77-1856 (Reissue 1996). It provides, in relevant part:

> If the owner of any tax sale certificate fails or neglects to demand a deed thereon or to commence an action for the foreclosure of the same within the time specified in section 77-1837 or 77-1902, such tax sale certificate shall cease to be valid or of any force or effect whatever and the real property covered thereby shall be forever released and discharged from the lien of all taxes for which the real property was sold.

Ottaco's position is that the district court incorrectly interpreted § 77-1837 to require the execution and delivery of a treasurer's tax deed within the time limitation in this section

instead of finding that the section required only that the purchaser of a tax sale certificate request a tax deed within the time limitation. The City of Grand Island (City) responds that the county treasurer has only the authority to issue a treasurer's tax deed within the time limitation of § 77-1837 and that because the treasurer executed the tax deed after more than 3 years 6 months from the date of sale, the deed is invalid.

We note that this is a case of last impression. The Nebraska Legislature has since amended § 77-1837 to include the following sentence: "The failure of the county treasurer to issue the deed of conveyance if requested within the timeframe provided in this section shall not impair the validity of such deed if there has otherwise been compliance with the provisions of sections 77-1801 to 77-1863." See 2001 Neb. Laws, L.B. 118.

## BACKGROUND

The facts are not disputed. Galen McHugh and Kathy McHugh became the owners of record of this residential property in 1989 when the City conveyed the property to them through special warranty deed in exchange for their promise to make improvements and pay all taxes and assessments. In 1991, the McHughs mortgaged the property to the City for $15,000. On April 6, 1994, the Hall County treasurer sold the property at a private tax sale for delinquent taxes for 1992 in the amount of $984.83 to Equivest Financial (Equivest). See Neb. Rev. Stat. § 77-1801 et seq. (Reissue 1990 & Cum. Supp. 1994). Equivest later assigned its interest to Ottaco. Equivest and Ottaco are affiliated companies that purchase tax sale certificates in different states. The certificate of tax sale gave Equivest the right to obtain a deed after a 3-year redemption period, on April 6, 1997.

In March and April 1997, Equivest sent notice to the McHughs and the City that it had purchased a tax certificate for the property. The notice stated that Equivest would apply for a treasurer's tax deed unless the property was redeemed within 3 months of the date of service. See §§ 77-1831 and 77-1832. Bethany Burgess, an employee of Ottaco whose duties include servicing tax sale certificates and perfecting title, submitted an affidavit to the court. In it, she stated that she had mailed an affidavit on September 4, 1997, to the county treasurer showing that

notice was given to the parties with an interest in the property. The county treasurer sent the documents to the county attorney for review. The county attorney had concerns with technical errors in the documents. The county treasurer therefore returned the documents on September 16 to Ottaco with a letter stating that the tax deed could not be issued until specified corrections were made. On September 26, the county treasurer received the corrected documents. The property had not been redeemed, and on November 7, 1997, 42 days after receiving the corrected documents, the treasurer executed the tax deed conveying the property to Ottaco.

In March 1998, Ottaco filed a petition to quiet title against the McHughs and the City. In its answer, the City denied Ottaco was the owner of the property. The McHughs in their answer also denied Ottaco's ownership and affirmatively alleged that the county treasurer lacked the legal authority to execute the tax deed on November 7, 1997. The McHughs claimed that under § 77-1837, the county treasurer was required to execute the deed within 6 months following the expiration of 3 years from the day of the tax sale, or by October 6, 1997.

At the summary judgment hearing, the court found that § 77-1837 required issuance of the deed within 3 years 6 months and that § 77-1856 referred only to the consequences to the purchaser of a tax sale certificate if he or she failed to make a demand for the deed within 3 years 6 months. The court found that § 77-1837 was more specific to the time limitation for the issuance of the deed, and because there was not strict compliance with statute, the court denied the motion.

After a bench trial in July 2000, the court determined that the tax deed was invalid under § 77-1837 and dismissed Ottaco's petition. Ottaco timely appeals.

## ASSIGNMENTS OF ERROR

Ottaco assigns that the district court erred in construing § 77-1837 to require the execution of a treasurer's tax deed within 3 years 6 months and in failing to find that under § 77-1856, the holder of a tax sale certificate is merely required to request a treasurer's tax deed before the expiration of the 3-year 6-month time period.

## STANDARD OF REVIEW

A quiet title action sounds in equity. *Caruso v. Parkos*, 262 Neb. 961, 637 N.W.2d 351 (2002). On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court. *Burlington Northern Santa Fe Ry. Co. v. Chaulk*, 262 Neb. 235, 631 N.W.2d 131 (2001).

## ANALYSIS

Statutory interpretation is a matter of law, and an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Interest of Marie E.*, 260 Neb. 984, 621 N.W.2d 65 (2000). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Estate of Eickmeyer*, 262 Neb. 17, 628 N.W.2d 246 (2001).

The City contends that the 6-month period serves as both a limitation on the purchaser's right to make a request and the county treasurer's authority to issue a deed. We disagree. This argument ignores the fact that § 77-1837 is the only provision under chapter 77, article 18, which sets out the period during which a purchaser may exercise his or her right to request a tax deed. Further, the City's interpretation has inherent conflicts.

The City's argument is contrary to a sensible construction of § 77-1837 when read in pari materia with § 77-1856. As the court noted, § 77-1856 specifies that the purchaser's tax lien against the property is discharged if the purchaser fails to timely request a treasurer's tax deed or commence a foreclosure action. But the court failed to consider that, regardless of which procedure the purchaser elects to follow, § 77-1856 acts as a time bar by referring to periods during which the purchaser may exercise his or her rights under either § 77-1837 or § 77-1902. Just as § 77-1902 sets out the commencement period for a foreclosure action, § 77-1837 sets out the request period for a treasurer's tax

deed. The reference in § 77-1856 to the request period in § 77-1837 indicates that the Legislature intended for the 6-month time limitation to apply to the purchaser, not to the county treasurer.

■ Once a purchaser has shown proof of notice as provided for in §§ 77-1831 to 77-1835 and requested a deed within 6 months after the expiration of 3 years from the date of sale, the purchaser has done all that is required under chapter 77, article 18, to acquire a treasurer's tax deed. Although it is reasonable to hold a purchaser to strict compliance with the statutory requirements of article 18, it is not reasonable to construe § 77-1837 as requiring the county treasurer to execute and deliver the deed within the same time limitation. It would be unreasonable to conclude that an otherwise blameless purchaser should have his or her deed declared invalid because the county treasurer failed to execute and deliver the deed within the request period. Compare *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976). See, also, *Harmon Care Centers v. Knight*, 215 Neb. 779, 340 N.W.2d 872 (1983); *Crete Mills v. Stevens*, 120 Neb. 794, 797, 235 N.W. 453, 455 (1931) ("it is the law that, where a party to an action is without fault, he cannot, as between the parties, be deprived of his rights therein through official fault").

■ When construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible, rather than an absurd, result in enacting the statute. *Nicholson v. General Cas. Co. of Wis.*, 262 Neb. 879, 636 N.W.2d 372 (2001). The 6-month period under § 77-1837 is sensibly construed only as setting forth the time limitation during which a purchaser of a tax sale certificate must request a treasurer's tax deed.

■ We determine that § 77-1837 requires the county treasurer to determine that the property has not been redeemed and that the purchaser has fulfilled all of the statutory requisites under chapter 77, article 18. In addition, the purchaser must present a valid tax sale certificate and make a request for a deed within the request period. If the county treasurer determines that these requisites have been satisfied, then he or she must execute and deliver the deed, but this authority is not limited to the 6-month request period.

REVERSED.