ROBERT SOTO, APPELLANT, V. STATE OF NEBRASKA,
DEPARTMENT OF ROADS, APPELLEE.

693 N.W.2d 491

Filed February 18, 2005. No. S-04-569.

338

James J. Paloucek, of Norman, Paloucek & Herman Law Offices, for appellant.

Jon Bruning, Attorney General, and Tom Stine for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The issue presented in this appeal is whether the State of Nebraska, as an employer, may be assessed a waiting-time penalty and attorney fees when payment of a portion of a workers' compensation award issued against it is delayed for more than 30 days after becoming final because of the State's compliance with the payment procedure specified in Neb. Rev. Stat. § 48-1,102 (Reissue 2004).

## BACKGROUND

On January 28, 2000, Robert Soto filed a petition in the Workers' Compensation Court seeking temporary and permanent total disability benefits due to injuries sustained while working for the State of Nebraska as an employee of the Department of Roads. On January 9, 2001, the Workers' Compensation Court entered an award in favor of Soto. On January 17, an order nunc pro tunc was entered to correct a mathematical error in the award. A review panel of the Workers' Compensation Court affirmed and awarded an attorney fee of $2,500. The Nebraska Court of Appeals affirmed the decision of the review panel in an opinion not designated for permanent publication, awarding an additional attorney fee of $3,000. *Soto v. State*, No. A-01-834, 2002 WL 976005 (Neb. App. May 14, 2002) (not designated for permanent publication). The decision of the Court of Appeals was not appealed by either party,

and the mandate was issued on June 27, 2002. As of the date of the Court of Appeals' award, the State owed Soto $71,666.64 for past benefits and attorney fees and was obligated to pay further benefits of $409 per week. On June 7, before the mandate was issued, the State paid Soto $50,000 of the judgment amount but withheld payment of $21,666.64, asserting that § 48-1,102 prevented it from paying that balance until the Nebraska Legislature reviewed the award and made a specific appropriation. The State made the weekly payment of $409 as ordered beginning June 18, 2002.

On November 15, 2002, Soto filed a second petition seeking immediate payment of the $21,666.64 balance, as well as additional payments and/or fees for waiting time pursuant to Neb. Rev. Stat. § 48-125 (Reissue 2004). The State discontinued making weekly payments after January 27, 2003. As of April 21, 2003, the Legislature had not reviewed or made specific appropriation for the payment of the balance of Soto's award.

Following a hearing on May 15, 2003, the compensation court determined that the balance on the award subject to penalty was $16,166.64, and assessed a waiting-time penalty of $8,083.32 for this unpaid compensation. In addition, the court imposed a penalty of $204.50 per week for all weekly benefits unpaid after January 27, 2003, until weekly benefits were no longer delinquent.

The State appealed, and a review panel of the compensation court reversed the penalty award. The review panel reasoned that in enacting § 48-1,102, the Legislature could not have intended to make the State of Nebraska liable for additional compensation in the form of waiting-time penalties when the legislative review and specific appropriation required by the statute entailed a process which inevitably would delay payment "well in excess of thirty days." Soto perfected a timely appeal from this order, and we granted his petition to bypass.

## ASSIGNMENT OF ERROR
Soto assigns, combined and restated, that the review panel erred in reversing the award on the basis of its determination that the State was not liable for a waiting-time penalty under § 48-125.

## STANDARD OF REVIEW
A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1)

the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. Neb. Rev. Stat. § 48-185 (Reissue 2004).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing; the findings of fact of the trial judge will not be disturbed upon appeal unless clearly wrong. See *Ludwick v. TriWest Healthcare Alliance*, 267 Neb. 887, 678 N.W.2d 517 (2004).

When an appeal calls for statutory interpretation or presents a question of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004); *Campbell v. Omaha Police & Fire Ret. Sys.*, 268 Neb. 281, 682 N.W.2d 259 (2004).

## ANALYSIS

The Constitution of the State of Nebraska permits the State to lay its sovereign immunity aside and consent to be sued on such terms and conditions as the Legislature may prescribe. Neb. Const. art. V, § 22; *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). Statutes authorizing suits against the State are to be strictly construed because such statutes are in derogation of the State's sovereign immunity. *Id.* A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Butler Cty. Sch. Dist. No. 502 v. Meysenburg*, 268 Neb. 347, 683 N.W.2d 367 (2004); *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003).

With respect to workers' compensation claims, the Legislature has stated that "[t]he Nebraska Workers' Compensation Act shall apply to the State of Nebraska [and] to every governmental agency created by it . . . ." Neb. Rev. Stat. § 48-106(1) (Reissue 2004). In part V of the act, codified at Neb. Rev. Stat. §§ 48-192 through

48-1,109 (Reissue 2004), the Legislature set forth "uniform procedures for the bringing of workers' compensation claims against the state" which "shall be used to the exclusion of all others." § 48-192. Two statutes within part V of the act are pertinent to our analysis of this case. Section 48-199 provides:

In all suits brought under sections 48-192 to 48-1,109, *the state shall be liable in the same manner and to the same extent as a private individual under like circumstances,* except that no writ of execution shall issue against the state or any state agency, and disposition of or offer to settle any claim made under sections 48-192 to 48-1,109 shall not be competent evidence of liability of the state or any employee or amount of damages.

(Emphasis supplied.) Section 48-1,102 provides:

Any award to a claimant and any judgment in favor of a claimant under sections 48-192 to 48-1,109 shall be certified by the Attorney General to the Director of Administrative Services, who shall promptly issue his or her warrant for payment of such award or judgment out of the Workers' Compensation Claims Revolving Fund, if sufficient money is available in such fund, *except that no portion in excess of fifty thousand dollars of any award or judgment shall be paid until such award or judgment has been reviewed by the Legislature and specific appropriation made therefor.* Delivery of any warrant in satisfaction of an award or judgment shall be made only upon receipt of a written receipt by the claimant in a form provided by the Attorney General.

(Emphasis supplied.)

The dispute in this case involves the relationship of these two statutes with § 48-125, which provides in pertinent part that all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death, except that fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court.

As construed by this court, this section authorizes a 50-percent penalty payment for waiting time involving delinquent payment of compensation and an attorney fee, where there is no reasonable controversy regarding an employee's claim for workers' compensation benefits. *Hobza v. Seedorff Masonry, Inc.*, 259 Neb. 671, 611 N.W.2d 828 (2000); *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999). Waiting-time penalties, as provided in § 48-125, apply to final adjudicated awards. *Roth v. Sarpy Cty. Highway Dept.*, 253 Neb. 703, 572 N.W.2d 786 (1998).

Soto argues that because § 48-199 makes the State "liable in the same manner and to the same extent as a private individual under like circumstances," with no stated exception for waiting-time penalties, a penalty should be assessed with respect to that portion of the award which was not paid within 30 days after it became final. The State does not argue that the statutes present any tension with regard to timely payment of ordered weekly benefits. The State does argue, however, that it is not liable for waiting-time penalties for amounts over $50,000 because § 48-1,102 requires it to submit the portion of the award exceeding $50,000 to the Legislature for review and specific appropriation prior to payment, a process which ordinarily requires more than 30 days because the Legislature does not sit in continuous session. The trial judge generally agreed with Soto's reading of the relevant statutes, but the review panel agreed with the State's interpretation. A statute is open for construction when the language used requires interpretation or may reasonably be considered ambiguous. *Premium Farms v. County of Holt*, 263 Neb. 415, 640 N.W.2d 633 (2002); *Sydow v. City of Grand Island*, 263 Neb. 389, 639 N.W.2d 913 (2002). Applying this standard, we conclude that the statutes before us in this case are open for construction.

We are guided by familiar principles. In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29 (2004); *Mason v. State*, 267 Neb. 44, 672 N.W.2d 28 (2003). Statutes relating to the same subject

matter will be construed so as to maintain a sensible and consistent scheme and so that effect is given to every provision. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004); *Reiter v. Wimes*, 263 Neb. 277, 640 N.W.2d 19 (2002). To the extent that there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *Cox Nebraska Telecom v. Qwest Corp.*, 268 Neb. 676, 687 N.W.2d 188 (2004); *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004).

In this case, there is a conflict between § 48-199, which makes the State liable for workers' compensation "in the same manner and to the same extent as a private individual under like circumstances," and § 48-1,102, which requires legislative review and appropriation with respect to that portion of a workers' compensation award against the State which is in excess of $50,000, a requirement not imposed upon private employers. The specific requirement of § 48-1,102 controls over the general language of § 48-199, and the State is therefore required by law to obtain legislative review and specific appropriation for the amount of any award exceeding $50,000 before payment of such amount can be made.

 Soto, however, argues such a requirement is unconstitutional under the principle that " '[t]he separation of powers doctrine prohibits one branch of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives.' " Brief for appellant at 12, quoting *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995). In response, the State argues that § 48-1,102 does not envision legislative "review" that would permit substantive alteration of a final workers' compensation judgment, but merely provides for an official examination to verify a lawful basis for appropriation of public moneys, and that thus, the statute does not run afoul of the separation of powers doctrine. The unconstitutionality of a statute must be clearly demonstrated before a court can declare the statute unconstitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003); *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996). It is the duty of this court to give a

statute an interpretation which meets constitutional requirements if it can reasonably be done. *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999). We conclude that the State's interpretation of § 48-1,102 is reasonable and therefore hold that the statute so construed does not violate the separation of powers doctrine. We likewise find no merit in Soto's argument that the statute deprives him of equal protection of the law or constitutes special legislation.

It is clear that compliance with § 48-1,102 will necessarily result in portions of some final workers' compensation awards against the State remaining unpaid for more than 30 days. The Legislature convenes annually on the "first Wednesday after the first Monday in January" and remains in regular session for up to 90 legislative days in odd-numbered years and 60 legislative days in even-numbered years unless extended by a vote of four-fifths of all members. See Neb. Const. art. III, § 10. Thus, as noted by the review panel, there is no evidence that the Legislature was in session when the judgment in this case became final on June 27, 2002, and the next regular session would not have commenced until January 2003. We further agree with the review panel that it is unlikely that the Legislature intended, by enacting § 48-1,102, to subject the State to waiting-time penalties in cases where compliance within 30 calendar days was impossible. Similarly, we reject Soto's argument that the State is obligated to call the Legislature into special session, if necessary, in order to comply with § 48-1,102 and avoid a waiting-time penalty. In construing a statute, an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *In re Estate of Eickmeyer*, 262 Neb. 17, 628 N.W.2d 246 (2001); *State on behalf of Minter v. Jensen*, 259 Neb. 275, 609 N.W.2d 362 (2000).

On the other hand, we find nothing in the Nebraska Workers' Compensation Act reflecting a legislative intent to completely absolve the State from liability for waiting-time penalties on portions of awards which are subject to the review and appropriation requirement of § 48-1,102. As the trial judge noted, the purpose of the 30-day waiting-time penalty and the provision for attorney fees, as provided in § 48-125, is to encourage prompt payment by making delay costly if the award has been finally

established. *Gaston v. Appleton Elec. Co.*, 253 Neb. 897, 573 N.W.2d 131 (1998); *Roth v. Sarpy Cty. Highway Dept.*, 253 Neb. 703, 572 N.W.2d 786 (1998). The Nebraska Workers' Compensation Act is intended to provide benefits for employees who are injured on the job, and the terms of the act are to be broadly construed to accomplish the beneficent purposes of the act. *Vonderschmidt v. Sur-Gro*, 262 Neb. 551, 635 N.W.2d 405 (2001). Thus, we cannot conclude that in enacting § 48-1,102, the Legislature intended to create a circumstance whereby the State could indefinitely delay payment of a portion of a workers' compensation judgment without penalty by not promptly pursuing legislative review and appropriation as required by § 48-1,102.

The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002); *Ottaco, Inc. v. McHugh*, 263 Neb. 489, 640 N.W.2d 662 (2002). In order to harmonize §§ 48-199, 48-1,102, and 48-125 in the context of waiting-time penalties in a manner which is consistent with the overall purpose of the act, we hold that with respect to that portion of a workers' compensation award against the State which exceeds $50,000, the 30-day period specified in § 48-125(1) does not begin until the first day after the judgment becomes final on which the State could request review and appropriation pursuant to § 48-1,102 during a regular session of the Legislature. A waiting-time penalty may be assessed pursuant to § 48-125 if payment is not made within 30 calendar days thereafter.

In this case, Soto's award became final on June 27, 2002, when the mandate of the Court of Appeals issued. The Legislature next convened in regular session on January 8, 2003. 1 Leg. J. 98th Leg., 1st Sess. 1 (January 8, 2003). The parties stipulated that as of April 21, 2003, the Legislature had not reviewed or made specific appropriation for payment of the award. However, because the record does not specifically reflect the first date on which the State could have requested legislative review and appropriation pursuant to § 48-1,102, or whether the balance of the award was paid within 30 days of such date, we cannot determine whether a

waiting-time penalty should be assessed. Accordingly, we reverse the judgment of the review panel of the Workers' Compensation Court and remand the cause with directions to further remand to the trial judge for further proceedings consistent with this opinion to determine whether a waiting-time penalty and attorney fee should be assessed pursuant to § 48-125.

REVERSED AND REMANDED WITH DIRECTIONS.