### KAMMER, Exr., v. RAVER et.

Probate Court, Hamilton County.

No. 1651. Decided December 29, 1950.

Gallagher, Dorr and Manley, Cincinnati, for plaintiff.

## OPINION

By DAVIES, J.

The court in this proceeding is asked to determine the persons who are entitled to receive, and their respective interests in, the property passing under Item VIII of the will of Katharine Dunham, deceased.

The decedent's will, executed on July 10, 1935, is sub-divided into eight items, the first seven of which provide for the payment of debts, the appointment of an executor, and the distribution of certain specific bequests, and the last one of which items reads as follows:

"Item VIII. All the residue of my estate, be the same real, personal or mixed, I give, devise and bequeath in equal proportions to my beloved sister Margaret Kammer and my beloved brothers William Raver and Henry Raver."

The decedent died on April 6, 1950. Her brother, Henry Raver, survived her. Her brother, William Raver, died in 1946, without issue. Her sister, Margaret Kammer, died in 1945, survived by her six children and only issue, Eleanor Kanney, Cecilia Fahrenkamp, Emma Kammer, William J. Kammer, Norbert F. Kammer and Vincent D. Kammer, all of whom survived their aunt Katherine Dunham, the testatrix.

Since Henry Raver survived the testatrix, he will receive directly, under the terms of her will, one-third of the residue of her estate.

By derivation "lapse" means falling from the original condition, and generally refers to a legacy or devise which would have taken effect if the testator had died the instant after he executed his will, but which fails because the devisee or legatee has, in some way, become incapable of taking under the will between the time the will was made and the time the testator died. At Common Law a lapsed devise or legacy fell into the general residuary clause, if there were such a clause. If there was no general residuary clause, or if the lapsed devise or legacy was contained in a residuary clause, the property devised was distributed to the heirs of the testator. Page on Wills, Vol. 4, Chapter 39.

Many states, including Ohio, have passed statutes which modify or abrogate the common law doctrine that a legacy or devise lapsed when a beneficiary died before the testator.

The Ohio statute (§10504-73 GC), sometimes referred to as the anti-lapsing statute, provides for two contingencies.

The first sentence stipulates that "when a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator."

Applying this first provision of the statute, the six children of Margaret Kammer, who survived the testatrix, clearly will take one-third of the residue of their Aunt Katharine Dunham's estate because their aunt devised one share of three equal proportions of said residue to their mother, Margaret Kammer, who predeceased the testatrix, her sister, after the testatrix had made her will.

Secondly, the Ohio Statute provides that "if such devisee leaves no issue and the devise be of a residuary estate or of the entire estate after (a) debts, (b) other legacies and devises, general or specific, (c) a life estate, or (d) any other interest less than a fee or absolute ownership, to such devisee and one or more children or relatives of the testator, the estate devised shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will."

It is evident that the last provision of the statute applies to the one-third share of the residue devised to William Raver because the devise to him is part of a residuary estate devised by a relative (a sister) to him and to his sister and brother, with him dying before the testatrix without issue surviving her and with one of his co-residuary devisees, his brother, Henry Raver, surviving the testatrix and the other of said co-residuary devisees, his sister, Margaret Kammer, having predeceased the testatrix with issue surviving said testatrix.

The court has been asked to decide whether under these circumstances the **lapsed** devise to William Raver passes entirely to Henry Raver or one-half to Henry Raver and one-half to the six children of Margaret Kammer.

It will be noted that in the first sentence of §10504-73 **GC,** it is provided that when a devise is made to a primary beneficiary who dies, leaving issue surviving the testator, "such issue shall take the estate devised as the devisee would have done, if he had survived the testator." In the second sentence of the section, which refers to a residuary estate, noth-

ing is said about surviving issue of a deceased primary devisee. It must be assumed that the legislature intended if there is surviving issue of a deceased devisee named in a residuary clause that such issue will take the same as indicated in the first part of the section, that is "such issue shall take the estate devised as the devisee would have done, if he had survived the testator."

The purpose of the statute is to prevent lapsing and the legislature certainly intended that the term **devisee,** whenever used therein, should include **issue of such devisee** when such primary devisee predeceased the testator. Such issue of predeceased primary devisees are surviving devisees and take as substituted devisees and not as heirs of the primary deceased devisee. In other words, the phrase **devisee or devisees surviving the testator,** used in the second sentence of the statute, includes both primary devisees and also issue of predeceased primary devisees who survive the testator.

It is, therefore, evident that the issue of **such devisee** have a testamentary share in a residuary estate and the proportion taken by such issue is determined by the number of all the shares of the surviving devisees, which means not merely surviving primary devisees but all the shares which take effect upon the death of the testator.

We hold that when a devise of a residuary estate is made to a child or other relative of the testator and one or more children or relatives of the testator, and if such child or other relative was dead at the time the will was made, or dies thereafter, leaving no issue, the estate devised to such deceased devisee shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all the surviving devisees, and the issue of such other devisee or devisees who predecease the testator shall take the estate devised as such other devisee or devisees who predecease the testator would have done if he or they had survived the testator, unless a different disposition be made or required by the will.

Accordingly, the share of the residuary estate of Katharine Dunham provided for her brother, William Raver, will be divided into two equal shares, one of which will go to her brother, Henry Raver, who survived her, and one of which will be divided between the children of her sister, Margaret Kammer, who predeceased her. Her entire residuary estate will be divided as follows:

Henry Raver, six-twelfths; Eleanor Kanney, one-twelfth; Cecilia Fahrenkamp, one-twelfth; Emma Kammer, one-

twelfth; William J. Kammer, one-twelfth; Norbert F. Kammer, one-twelfth; Vincent D. Kammer, one-twelfth.