[Cite as *In re Estate of Miller*, 2011-Ohio-6327.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| | : | Appellate Case No. 2011-CA-12 |
| THE ESTATE OF | : | |
| | : | Trial Court Case No. 2010-ES-124 |
| LOU ELLEN MILLER | : | |
| | : | |
| | : | (Civil Appeal from |
| | : |  Champaign County Family Court) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2011.

. . . . . . . . . .

JOHN E. FULKER, Atty. Reg. #0003295, and WILLIAM J. FULKER, Atty. Reg. #0003299, Faust, Harrelson, Fulker, McCarthy & Schlemmer, LLP, Post Office Box 8, 12 South Cherry Street, Troy, Ohio 45373
        Attorney for Appellant, Debra DeWeese, Executrix

DIANA WALLEN, 250 Park Avenue, St. Paris, Ohio 43072; JEFFREY LEE MILLER, 1345 Covington Avenue, Apartment B, Piqua, Ohio 45356; and PAUL STEVEN MILLER, c/o Diana Lou Wallen, 250 Park Avenue, St. Paris, Ohio 43072.
        Appellees, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Debra DeWeese, the Executrix of the Estate of Lou Ellen Miller, deceased,

appeals from an order of the Champaign County Probate Court that orders that a predeceased child's share of the estate "must be distributed per stirpes as that is the intention manifested in the decedent's Last Will and Testament." Debra DeWeese contends that the deceased child's share of the estate should instead be distributed proportionally to the other, surviving, named beneficiaries, as provided for in R.C. 2107.52(B), the "Anti-Lapse Statute."

{¶ 2} We agree. Consequently, the order from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

## I. Lou Ellen Miller's Will.

{¶ 3} Lou Ellen Miller died testate in July 2010. Her husband, Paul Miller had preceded her in death in May 2010. She was survived by four children, Debra DeWeese, Diana Lou Wallen, Jeffrey Lee Miller, and Paul Steven Miller. A fifth child, Ervin Lee Miller, died after Mrs. Miller executed her will, but before her death. Ervin Lee Miller died leaving no issue.

{¶ 4} The relevant paragraph of Lou Ellen Miller's will is as follows:

ITEM THREE: In the event that my husband, Paul Miller, shall die with me in a common accident or disaster, or in the event he should die from any cause within thirty (30) days of my death, I then give, devise and bequeath my entire estate, to my children, namely, in the following shares: Debra DeWeese, 8%; Paul Steven Miller, 23%; Jeffrey Lee Miller, 23%; Ervin Lee Miller, 23%; and Diana Lou Miller, 23%; or their issue per stirpes.

## II. R.C. 2107.52, the Anti-Lapse Statute.

{¶ 5} R.C. 2107.52(B) contains provisions dealing with the situation where a beneficiary named in a will, who is a relative of the testator, is no longer living:

Unless a contrary intention is manifested in the will, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative was dead at the time the

will was made or dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator. If the testator devised or bequeathed a residuary estate or the entire estate after debts, other general or specific devises and bequests, or an interest less than a fee or absolute ownership to that devisee or legatee and relatives of the testator and if that devisee or legatee leaves no issue, the estate devised or bequeathed shall vest in the other devisees or legatees surviving the testator in such proportions as the testamentary share of each devisee or legatee in the devised or bequeathed property bears to the total of the shares of all of the surviving devisees or legatees, unless a different disposition is made or required by the will.

Ervin Lee Miller, being the son of the testator, was clearly a relative. Because he left no issue, the second sentence of the above-quoted statute applies "[u]nless a contrary intention is manifested in the will." The second sentence of the statute plainly requires that the deceased relative's share of the estate shall vest in the remaining beneficiaries proportionately – that is, it shall be divided among them in the same proportions as their individual bequests bear to the total of all of the bequests to the remaining beneficiaries.

### III. The Executrix Proposes to Distribute the Assets
### in Accordance with the Anti-Lapse Statute.

{¶ 6} In a memorandum of law filed in the probate court on May 19, 2011, the executrix, Debra DeWeese, proposed to distribute the assets in accordance with R.C. 2107.52(B). She would receive, as a beneficiary, $5,021.22, or 8-77ths of the total estate, and each of the other three beneficiaries would receive $14,435.88, or 23-77ths of the total estate, which was $48,328.86. (This court's arithmetical calculation is within a few pennies of the calculation set forth by the executrix.)

{¶ 7} This proposed distribution is in accordance with the anti-lapse statute. If the "missing" 23% of the estate is re-distributed to the beneficiaries of the estate in the same

proportions as their bequests bear to the remaining 77% of the estate, simple algebra confirms that each beneficiary's resulting share of the total estate will bear that same proportion to the total. Let a given beneficiary's proportionate share be S, and let the total estate be E. That beneficiary's share of the portion of the estate distributed by the terms of the will to the beneficiaries who survived the testator is: S x 77%(E). That beneficiary's share of the portion of the estate distributed by the terms of the will to the deceased beneficiary is: S x 23%(E). S x 77%(E) + S x 23%(E) = S x 100%(E). Or, in other words, the proportionate share of that beneficiary in the whole of the estate [100%(E)] is necessarily the same as the proportionate share of that beneficiary in each of the sub-portions of the estate: the portion of the estate distributed to beneficiaries who survived the testator, and the portion of the estate distributed to beneficiaries who did not survive.

## IV. The Probate Court Rejects the Distribution Proposed by the Executrix.

{¶ 8} In the order from which this appeal is taken, filed in the trial court on May 23, 2011, the trial court held as follows:

> Pursuant to Ohio Revised Code Section 2017.52(B) the Court finds that Ervin Lee Miller's share must be distributed per stirpes as that is the intention manifested in the decedent's Last Will and Testament. However, this Court would allow the Executor's proposed distribution if a consent and waiver is obtained from each heir.

## V. The Executrix Appeals.

{¶ 9} Debra DeWeese, the executrix of her mother's estate, has appealed from the trial court's order of May 23, 2011. She has also filed with this court a document entitled Request of All Parties to Place Pending Appeal on Calendar for Submission, which each of

the four heirs, including herself, has signed, in which it is represented that none of the heirs contests the appellant's single assignment of error.

{¶ 10} It should be noted that Debra DeWeese, the executrix-appellant, in her individual capacity as heir, is the only one of the four heirs who would be adversely affected by her prevailing on appeal, since her share of the estate would become smaller as a result, and the shares of the other heirs would become greater.

## VI.   The Sole Assignment of Error.

{¶ 11} DeWeese's sole assignment of error is as follows:

{¶ 12} "THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE PROVISIONS OF  § 2107.52(B) OF THE REVISED CODE OF OHIO AND IN ITS DETERMINATION OF THE DECEDENT'S INTENTION AS MANIFESTED IN HER LAST WILL AND TESTAMENT."

{¶ 13} We agree with DeWeese's interpretation of R.C. 2107.52(B), which appears straightforward.   See *Kammer v. Raver*, 59 Ohio Law Abs. 138, 43 O.O. 302, 96 N.E.2d 439 (1950).

{¶ 14} We see nothing in Lou Ellen Miller's will that would require a contrary result. The final clause of Item Three – "or their issue per stirpes" – is consistent with the first sentence in R.C. 2107.52(B).   If one of the named beneficiaries had predeceased the testator, but had living issue, then that beneficiary's share of the estate would be distributed to his or her issue, per stirpes.   That would be in accordance with the statute, and also with the intent manifested in the clause "or their issue per stirpes" in Item Three of the will.   But the

reference to "per stirpes" is limited by the context of "their issue," which plainly refers to the beneficiaries named in Item Three. It is the distribution to issue of a named beneficiary (who predeceased the testator) that must be per stirpes. Ervin Lee Miller, the deceased beneficiary, had no issue; therefore, this clause does not apply to his share.

{¶ 15} DeWeese's sole assignment of error is sustained.

### VII.   Conclusion and Mandate.

{¶ 16} DeWeese's sole assignment of error having been sustained, the order of the probate court from which this appeal is taken is Reversed, and this cause is Remanded with directions to the probate court to approve a proportionate re-distribution of Ervin Lee Miller's share of the estate, as proposed by DeWeese.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

John E. Fulker
William J. Fulker
Debra DeWeese
Diana Lou Wallen
Jeffrey Lee Miller
Paul Steven Miller
Hon. Lori L. Reisinger